Porter.
1p 386
137  587

JOHN McINNIS vs. WM. RABUN, USE OF GREER & COOLEY.

*Error from Wilcox Circuit Court*—Before the Hon. SION
L. PERRY.

Where suit is brought in the name of the payee of a promissory note, for
the use of A and B, against a defendant as indorser, and the declara-
tion does not state who indorsed the note to the defendant, nor to whom
he indorsed it, nor allege any transfer to or from him, nor any induce-
ment nor consideration for the indorsement; such declaration is bad on
demurrer, although it aver that the maker of the note was sued to in-
solvency, and conclude with a general *super se assumpsit.*

This case was submitted without argument. The follow-
ing is the opinion of the court :

By Mr. Chief Justice SAFFOLD :
The declaration is in assumpsit, on a promissory note drawn
by J. Watson, in favor of W. Rabun, the nominal plaintiff
below, who sued for the use of Greer & Cooley. McInnis is
declared against as indorser of the note, and his appearing to
be the only indorsement. There is no allegation of any in-
dorsement to him, nor of the person to whom his indorsement
was made—nor of any kind of transfer either to or from him—
nor any explanation of the circumstances, inducement, or
consideration for the indorsement. The further allegations
are no other than that the plaintiff sued Watson, the maker
of the note, to insolvency, as evidenced by a return of *nulla
bona,* which appears of record, &c. concluding with a general
*super se assumpsit.*

To this declaration, the defendant demurred. The court
overruled the demurrer, and the defendant declining to plead
over, final judgment was rendered against him.

This judgment is assigned as the cause of error.

The history of the case as given, appears to supersede the necessity of much comment in the decision. From any thing alleged in the declaration, the note would appear to have been transferred by delivery from the plaintiff to the defendant ; but even this can only be matter of conjecture. To whom the defendant transferred it, is still more uncertain, as no other person appears to have had any legal interest in it. If, from the circumstances of the suit having been brought for the use of Greer & Cooley, we could assume the fact, that the note was transferred to them, and this for a valuable consideration, by what authority can we say they are the immediate transferees from the defendant ; as they do not appear in the attitude of indorsers, there is not even the fiction of law to exclude the presumption, that the note may have passed through a dozen hands between the defendant and *cestui que use*: or, the fact may be, that the defendant having transferred the note to another, as indicated by his blank indorsement, it was returned upon him, paid, and then by him returned upon the payee, who is the plaintiff in the action. On either hypothesis, there is no cause of action. But, if we can imagine a state of facts, consistent with the indications of the note, which would create a legal liability against the defendant—that is not sufficient to enable the plaintiff to recover. They must have been averred in legal form. Nor is this note itself evidence of any debt or demand *between these parties.*

The judgment of the Circuit Court was therefore erroneous, and must be reversed, and the cause remanded for further proceedings.