Dew, et al. *vs.* Garner.

DEW, et al. *vs.* GARNER.

1. At common law, a plaintiff in an action on a promissory note, was bound to prove the signature of defendant; but our statute of eighteen hundred and eleven, (Aik. Dig. 283,) renders it unnecessary, unless the defendant shall deny the execution of the note, by plea, supported by affidavit.

2. Where the signature to a promissory note is illegible, and where no description of the signature is attempted in the declaration, (and where defendant does not interpose the statutory plea,)—there is no such variance between the note and declaration as can operate to defeat the action. Such a case does not differ from one where the signature is evidenced by a mark.

3. *It seems*, however, that an actual variance in the description of a name, notwithstanding the statute of eighteen hundred and eleven,—will still be fatal.

[Where the signature to a note is not illegible, and is not that of defendant, and the declaration, without recitals or averments, mis-describes the note;—it cannot authorise a recovery against the defendant.]—COLLIER, C. J. *dissentiente.*

Error to the County court of Greene county.

Assumpsit on a promissory note. Plea, *non assumpsit.* Verdict and judgment for plaintiff.

On the trial of the cause, plaintiff offered in evidence a promissory note, given by three makers ; to which defendants objected, on the ground, that the name of Duncan Dew, one of the defendants, was not signed or subscribed to it. It did not appear that the note was ever signed by said Dew, otherwise than from its face. It was therefore alleged, that the note offered in evidence, varied from the note described in the declaration ; but

the court overruled the objection, and decided, that the note offered in evidence was sufficiently described in the declaration, and permitted the note to be read in evidence to the jury. No other evidence was offered by plaintiff; and to the opinion of the court, defendant excepted.

Plaintiffs in error, assigned the decision of the court below, as erroneous.

*Erwin*, for the plaintiffs in error.

*Jones*, contra.

GOLDTHWAITE, J.—The error which is supposed to exist in this case, arose on the trial, from the refusal of the Court to exclude the note offered in evidence to support the action, because of an alleged variance from that declared on. This note is attached to the bill of exceptions, and is admitted to correspond with the one described in the declaration, in every particular, except the signature of Duncan Dew, which if really intended for his name, is so badly written as to have little or no resemblance to it. In fact, the most anxious examination has not enabled us to determine what name is designated by the characters which compose this signature, and it may be considered as illegible.

Whether it varies from the note described, must be determined by ascertaining what is the legal effect of the averments contained in the declaration. The allegation is, that the *defendants made* a certain promissory note : no description is attempted of the signature, by any words of reference, such as, that the said Duncan

Dew, et al. *vs.* Garncr.

Dew, " by the name and description of," $c. made his promissory note, or that he made his note by affixing a character or mark which is illegible.   If such a description of the manner of signature had been pursued in the declaration, many of the older authorities concur to shew, that it would be matter of description, and a variance in such a case might be fatal;  although the modern decisions hold, in general, the reverse of this rule.—(Pease vs, Morgan, 7 Johns. 468, and cases there cited, *contra.*)

It is laid down by Chitty, (in his Treatise on Bills, 586,) that such a specific description is never necessary, and should be omitted, although the allegation, if untrue, will now be rejected.

At common law, the plaintiff was bound to prove that the defendant, or some one acting by his authority, actually signed the note sued on ; and if no allegation of particular description was made, any evidence shewing that he actually *made* the note, would be admissible; whether the signature was badly written, illegible, or merely signed with the initial of his christian name.   Thus, in the present case, if now governed by the same rules of evidence which obtained at common law, it would have been necessary to prove that this name or signature was made by Dew, or by his authority, with the intention to bind him, as his signature; and such proof being made, it would be wholly immaterial, whether it could be read by any other person.

Our statute of eighteen hundred and eleven, (Aik. Dig. 283,) changed the rule of the common law, and renders it unnecessary for a plaintiff, in any suit founded on any instrument in writing, to prove the same, unless the de-

7 P.                    64

Dew, et al. *vs*. Garner.

fendant shall deny its execution, by plea, supported by affidavit. This statute renders all proof, in relation to signature, unnecessary, and its beneficial effects would be greatly counteracted, if an ignorance of the art of writing, or any fanciful mode of making a signature, can authorise a defendant to call for proof of the execution of the instrument, without the denial required by the statute.

It is not perceived that this case differs essentially from that of one in which a signature is evidenced by a mark. And it has never been supposed, that the statute does not apply as well to that as to the case of an actual subscription of a name. So, when a note is signed with an initial, as is the case with one of the signatures to this note, it could not be reasonably held, that the plaintiff should prove, in the absence of the statutory plea, the identity of the signature.

No injury can ever arise to a defendant from this course of decision, as he has the right at any time after the institution of the suit, to call for an inspection of the writing on which he is sought to be charged ; and if not made by him, or by his authority, he can always throw on the plaintiff the burthen of proof, by interposing the plea designated by the statute. A contrary rule would open a door, in almost every case, to let in the question of identity ; and any peculiarity of signature, or want of skill, in tracing the characters constituting a name, would introduce a vexatious question before the court or jury.

We do not wish to be understood as admitting an opinion, that an actual variance in the description of a

Dew, et al. *vs.* Garner.

name or other part of a written instrument, is not now as fatal as it was before the enactment of the statute; but we are of opinion, that in this case, there is no attempt at description, and consequently there can be no variance.

Let the judgment be affirmed.

COLLIER, C. J.—In this case, the declaration, in my opinion, mis-describes the note, which was offered in evidence to sustain it. I do not consider the signature illegible: it is " *Dew Daws.*" And the note cannot authorise a recovery against " *Duncan Dew,*" unless the declaration contain recitals or averments, showing that it was made by him. Without examining the legal accuracy of the reasoning of the court, upon the premises laid down in their opinion, I will merely declare my dissent from the judgment in this case.