JUNE TERM, 1841. 705

Little, Administrator de bonis non of Beazley, deceased v. Beazley.

---

LITTLE, ADMINISTRATOR DE BONIS NON OF BEAZLEY, DE-
CEASED v. BEAZLEY.

1. Proven specimens of the hand writing of the defendant cannot be given in evidence to the jury, to be compared by them with the signature to the writing, the genuineness of which is controverted.

Writ of error to the County Court of Sumter county.

ACTION of assumpsit on a promissory note. Plea putting in issue the execution of the note. Verdict and judgment for the defendant.

At the trial the plaintiff offered in evidence " proven specimens of the hand writing of the defendant, to go to the jury, to be compared by them with the hand writing of the note sued on, and with its signature thereto; which specimens, though proved on the trial, were excluded, and not permitted to be shewn to the jury." The plaintiff excepted and brings the case to this Court by writ of error, to revise the opinion of the County Court on this point.

REAVIS, for the plaintiff in error, cited 8 Con. Rep. 55 ; 5 N. H. Rep. 367; 5 Verm. 532 ; 6 Rand. 316; 2 Leigh. 249; 11 Mass 309 ; 2 Greenl'f. 33 ; 1 Root, 307 ; Anthons N. Pr. 109 1 Esp. 351 ; 2 N. & McC; 400 ; 2 Starkie Ev. 374, note g, and cases there cited ; 5 Binn. 340, 349 ; Addison 33 ; 2 Mc-Cord, 518; 2 John. cases 211 ; 19 John. 134; 1 Gall. 175; 10 S. & R. 110; 3 N. H. 47.

JONES, contra, referred the Court to 2 Starkie on Ev. 654 ; 1 Philips Ev. 490; 3 ibid Cowen and Hill's notes, 326 ; 9 Cowen, 94 ; 6 Peters 763 ; 3 N. H. R. 4 ; Pope v. Askew, 1 Battle, 16 ; Perry v. Newton, 5 A. & E. 514.

GOLDTHWAITE, J.—This is one of those questions upon which so much has been said and written, that a review of all the cases would be alike impracticable and uninteresting. We shall therefore content ourselves with declaring the rule as we consider it to exist at the present day. Comparison of hand writing by submitting different writings having no connexion with the matter in issue, is not permitted by law. The present case presents the naked question, whether signatures proved to be in the defendant's writing, can be given in evidence to the jury, to enable them to determine, by a comparison with the disputed signature, whether the latter is genuine or otherwise. In our opinion, this was not competent evidence. We decline entering into a discussion, whether there are any cases in which mere comparison is permitted, though it is obvious, that when more than one paper is before the jury as evidence, a comparison will be made, if any dispute takes place, as to the authenticity of either. We may also add our wish to be considered as neither deciding nor intimating an opinion on any other than the precise question now presented.

Let the judgment be affirmed.