7 791
114 388

## JACKSON'S ADM'R. v. JACKSON AND ANOTHER.

1. Where the plaintiff consents to receive what is familiarly called a plea in short, the language of the plea will be fairly and liberally interpreted; consequently where a surety in a promissory note pleads to an action against him, " that without any consideration he placed his name to the note declared on, after the same had been made, executed and delivered to the payee, and by him accepted," his plea must be taken as a denial that there was such a consideration as would sustain his promise to pay.
2. One person entered into a contract with another, by which he was to receive his promissory note without surety, and the note was made and received; afterwards the payee called upon the maker for a surety, who accordingly, took the note, had it subscribed by a third person, and returned it to the payee: *Held*, that as there was no new consideration as between the payee and principal, and none whatever as it respects the former and the surety, the undertaking of the latter could not be enforced.
3. To show that a promissory note was signed by a surety without consideration, it is competent to prove by parol the agreement between the payee and the principal, its making and acceptance by the payee, and the circumstances under which the surety subscribed it.

Writ of error to the Circuit Court of Sumter.

This was an action of assumpsit at the suit of the plaintiff in error on a promissory note of the following tenor, viz: " One day after date, I promise to pay Hiram Jackson, administrator of the estate of Randal Jackson, deceased, or bearer, the sum of four hundred and twenty-seven dollars and ten cents, for value received. This the 9th April, 1841.

Peter Jackson.
Drura Jackson."

Drura Jackson pleaded, 1. Non-assumpsit. 2. That without any consideration he placed his name to the note declared on, "after the same had been made, executed and delivered to the payee, and by him accepted." The plaintiff demurred to the second plea, and his demurrer being overruled, issue was joined upon both pleas. A judgment by default was taken against Peter Jackson, the cause was submitted to a jury to try

the issues, a verdict returned for the defendant therein, and judgment rendered accordingly.

On the trial, the plaintiff excepted to the ruling of the Court. From the bill of exceptions, it appears that the plaintiff read the note set out above, to the jury; thereupon the defendant offered to prove by one Coleman, that on the day of the settlement, and date of the note, it was agreed between the plaintiff, as administrator of the intestate, therein named, and the other legatees, that they would settle by note, without any security; that Peter Jackson then alone signed the note in question, and the plaintiff took it, and went out of the clerk's office; but returned in one or two hours, and said he was not satisfied with Peter Jackson's note. The plaintiff objected to the admission of this evidence, but his objection was overruled, and it was permitted to go to the jury to show a want of consideration. ·

W. & J. WEBB, for the plaintiff in error, made the following points : 1. The demurrer to the defendants second plea should have been sustained, because the plea does not answer the declaration, which sets out a joint, as well as a joint and several contract; and if a consideration passed to Peter Jackson, that was sufficient to bind his co-defendant. The plea is double, in objecting that the note is not sustained by a consideration as to one of the defendants, and that he is not bound by his signature; further, it is uncertain what particular fact it proposed to put in issue. 2. The testimony of the witness should have been rejected, because it went to change the contract from a joint to a several contract, thus making Drura Jackson a guarantor instead of a joint promisor. He cited Step. Plead. 299, 300; 1 Stew. Rep. 57; 1 Saund. Rep. 211, b; 16 Pick. Rep. 52; 1 Caine's Rep. 45; 1 Saund. Pl. & Ev. 147; Poth. on Obl. 176, 198, 296; 27 Am. Jurist, 455; 2 Ala. Rep. 280; 5 Id. 521.

R. H. SMITH, for the defendant, insisted, that a consideration moving to Peter Jackson would not sustain the promise by the defendant, which was made after the note was accepted by the payee. If the plea had merely alledged the want of consideration, it would have been good, (3 Ala. Rep. 316;) and it cannot be bad because the defectiveness of the consid-

eration is particularly stated. The evidence objected to, may not have been sufficient to establish the truth of the issues or either of them, but it was certainly pertinent, and that would authorize its admission. If it was insufficient to make out the defence, the plaintiff should have prayed the Court to instruct the jury specifically. It was not obnoxious to the objection, that it contradicts the writing. [2 Ala. Rep. 285.]

COLLIER, C. J.—The pleadings in this case seem to have been made up by consent of parties, without any particular regard to form—the first plea, being the title of the general issue merely, and the second affirming only what is said in the statement of this case, and in the terms we have there employed. As the counsel of the parties have been thus liberal to each other, we shall endeavor fairly to interpret the second plea, without subjecting it to too rigid a criticism.

In alledging that the surety subscribed his name to the note, without any consideration, we are not understood that he merely denied, that as between himself and the payee there was a consideration. The allegation goes beyond this, and must be taken as a denial that there was such a consideration as would sustain his promise to pay. It would be an unwarrantable limitation of a general averment, to attain any other conclusion.

The question then, is, conceding the truth of the plea (as the demurrer does,) are the facts averred, an answer to the action. If necessary, we must intend that the plaintiff was authorized to agree with the distributees of the estate he represented, to receive their notes without security; especially as the reverse does not appear. It is alledged, that he did receive Peter Jackson's note, and that the defendant did not sign it, until after it had actually been accepted by the plaintiff. These facts show that it became a perfect security for money according to the agreement of the original parties to it, without the defendant's signature; and we will now inquire, whether it is essential to his liability, that there should have been some new, or additional consideration.

If one promise to pay for goods delivered to a third person, it is good at common law, and under the statute of frauds, if in writing; but where *one* undertakes to pay the debt of an-

*other*, the action will not lie, if the consideration be past at common law, nor if in writing, by the statute of frauds. [1 Dane's Ab. 109.] But in general, any act of the nature of a benefit to the person who promises, or to any other person upon his request, or any act which is a trouble or detriment to him to whom the promise is made, is sufficient; and the amount of benefit, or of trouble, or detriment, or its comparative value, in relation to the promise, is indifferent. In respect to the consideration necessary to bind a surety or guarantor, it is said, that a benefit to the debtor, without any benefit to the surety, is sufficient. [Bailey v. Croft, 4 Taunt. Rep. 611 ; Morley v. Boothby, 10 J. B. Moore's Rep. 395; Russell v. Mosley, 3 Brod. & Bing. Rep. 211.] But it is said, that the consideration must at the time the promise is made, be either wholly, or in part executory. Hence, it is said, if one promise in consideration of a credit already given, or agreed to be given, or of a debt already existing, it is an executed, or past consideration, and is insufficient; unless the act, though done, was done upon the request of the party promising. [Payne *v.* Wilson, 1 Man. & Ry. Rep. 708.] It therefore follows, that if a person accedes as a surety to an existing agreement, or guaranties an existing debt, for which there was a sufficient consideration as between the plaintiff and a third person, something new must take place, of the nature of a detriment to the creditor, or a benefit to the debtor or surety, to form a consideration for the engagement of the latter. [Theobald on Prin. & Sur. 6 to 9.] This view clearly shows, that the demurrer to the second plea was properly overruled.

The tendency of the evidence objected to, was to prove the truth of the plea, and the competency of the witness not being questioned, we think it could not have been excluded. Whether the testimony was sufficient, unassisted by further proof, to show the want of consideration to sustain the defendant's engagement, we need not inquire ; for if pertinent, it was properly admitted, and the plaintiff could have prayed an instruction upon its legal effect.

It results from what has been said, that in the ruling of the Circuit Court, there is no available error ; and its judgment is consequently affirmed.