## TILLER vs. SHEARER.

1. A party who, for a sufficient legal consideration, signs his name to a promissory note after it is due, may be declared against as a maker. (Chilton, J. and Ligon, J., *dissenting*.)

ERROR to the Circuit Court of Sumter.

Tried before the Hon. Turner Reavis.

Shearer brought an action of assumpsit against Tiller, in the Circuit Court of Sumter, on a note dated 20th October, 1848, payable to Wm. Brown or order, on the 1st day of February, 1849. This note was made, on the day it bears date, in the State of Tennessee, and was subscribed by A. G. Loftin and Eldridge Loftin. In June after the maturity of the note, Brown came to Livingston, in Sumter County, where the Loftins resided, to collect it. They failed to make payment, and from information received by Brown, he was led to doubt the solvency of the Loftins, and threatened to sue them. A. G. Loftin then introduced him to Tiller, who represented the Loftins to be solvent, and urged Brown not to sue them, lest it might injure their credit. Tiller then proposed, that if Brown would forbear to sue the Loftins on the note until about the 1st of September following, he would sign the note, and become liable for its payment after that time, which Brown promised to do, and Tiller subscribed his name to the note immediately below those of A. G. and Eldridge Loftin. The original consideration of the note was, the sale of two slaves from Brown to A. G. Loftin, in Bedford County, Tennessee, with which Tiller had nothing to do, and of which, according to the proof, he knew nothing until long after the note was due. On the trial in the court below, Shearer, who was assignee of the note, read it to the jury, and there rested his case, and the defendant then offered the deposition of Brown, the payee in the note, which was read without objection, and revealed the state of case set forth above.

Upon this evidence, which was all the evidence in the case, the defendant requested the court to charge the jury, that if they believed the witness Brown, they should find for the

defendant. The court refused to give the charge requested; but charged the jury, that if they believed the evidence they should find for the plaintiff. To the refusal to charge as requested, and to the charge given, the defendant excepted, and here assigns them as error.

WM. H. GREENE, for plaintiff in error.

BLISS & BALDWIN, *contra.*

DARGAN, C. J.—I think the case of Hullum v. The State Bank, 18 Ala. 805, is conclusive to show that there is no error in the case before us. In that case Hullum put his name on the back of a bill of exchange, that was over due and had been protested, and the testimony tended to show that he had endorsed his name on the bill upon a sufficient consideration, and intended to assume the character and position of an endorser whose liability was fixed. A majority of this court, as it was then organized, held, after all the consideration we were able to bestow upon the question, that inasmuch as Hullum had by his contract assumed the position and character of an endorser, whose liability was absolute, the holder of the bill might so treat him in his declaration.

So, in the case before us, the defendant intended to assume the character of a maker of the note, and his contract, by which he assumed that position, is founded on a legal consideration; and again a majority of the court think that he may be so treated. Indeed, the only written evidence of the contract is his name to the note as a maker; how, then, did he intend to stand in reference to it? The answer must be, as a maker; that was then his contract, that he would be bound as one of the makers of the note, and I can see no injustice nor legal objection in allowing the plaintiff to treat him as a maker. I will not refer to the authorities in support of this position; they will be found in the case of Hullum v. The Bank, supra., and time and reflection have but confirmed me in the opinion I then delivered.

There is, however, another view of this case, which, in my judgment puts the question beyond doubt; there is no plea *of non est factum, verified by affidavit;* the defendant, therefore, has admitted by the pleadings that he executed the note as

described in the declaration; his proof, therefore, could only be received to show a failure of consideration, payment, &c., but not to show that he did not execute the note as alleged. But the proof, instead of showing a failure of consideration, shows a sufficient legal consideration; the contract, therefore, which is declared on, is admitted by the pleading, and the proof shows this contract to have been founded on a sufficient consideration; nothing more can be required to entitle the plaintiff to recover.

Let the judgment be affirmed.

LIGON, J.—It is the opinion of a majority of the court, that there was no error in the action of the court below, in refusing the charge asked, or in giving the one excepted to. Regarding the note as the best evidence of the intention of the parties to it, the conclusion is drawn, that as Tiller appears from its face to be an original promisor, the plaintiff below had a right to treat him as such, and sue him in that character. They deem the case of Hullum v. State Bank, 18 Ala. Rep. 805, a fair exposition of the law of such cases, and conclusive of this. In that case, the Chief Justice, after considering the objections, arising out of the proof, to the propriety of charging Hullum as an endorser, and proceeding against him as such, goes on to say, "I admit there is great diversity to be found in the authorities, respecting the nature and character of these irregular endorsements. But, after the best consideration I am able to give the question, I think the correct rule is this, that the nature of the contract and the extent of the liability of the party are to be ascertained by his intention, as shown by the evidence, in making the endorsement. If the party endorsing the note intended to create a liability as guarantor only, he must be so treated and so sued, to enable the plaintiff to recover; if he intended to create a liability as endorser, he must be so treated. This is the conclusion to which Judge Story came, after a review of most of the conflicting American authorities, Story on Prom. Notes, § 479. Governed by this rule, which is the principle that governs in all contracts, I feel constrained to hold from the evidence, that the defendant intended to stand in reference to the bill as an endorser whose liability was fixed. This is the

nature and extent of his contract in putting his name on the back of the bill, and I see no reason why he should not be treated as such." The same conclusion is drawn in this case, that inasmuch as Tiller subscribed his name to this note, he will be held to have intended to bind himself in the same manner, and to the same extent, that the original makers were bound.

While I agree perfectly that the general rule is, as it is stated in the extract from the case of Hullum v. State Bank, yet, with all deference to the opinion of the Chief Justice, and the associate Judge who concurred with him in the decision of that case, I am constrained to deny that it was rightly applied in that case, or that the conclusion arrived at in this, is justified by the proof, or can be sustained either on principle or authority. In the case cited from 18 Ala. Rep. the objections to the conclusion of the majority, embodied in the dissenting opinion of Justice Chilton, appear to me unanswerable.

I am persuaded that the error, in both cases, arises from allowing *too much* weight to the written evidence of the contract between the parties, and attaching *too little* importance to the parol proof, by which that contract is explained and established. That a party must be charged in the character he assumes in his contract, and to the extent to which he intended to bind himself, are propositions which I do not controvert. But that character and liability are both to be ascertained by the proof, not by the written evidence alone, but by all the proof in the case. *Prima facie*, in the case under consideration, Tiller is to be regarded as a joint, or a joint and several promisor with the Loftins; but when the testimony of Brown is heard, this *prima facie* presumption vanishes, and the true character of his liability is revealed. What is it? That of guarantor, and the consideration of his guaranty is, that Brown will not sue the Loftins, on their note to him, until after the first of September, 1849, and as evidence of his intention to be thus bound, he subscribes his name to the note. The consideration for which the note was given would not, under the proof in this case, have been sufficient to charge Tiller with its payment, (and none other can be relied on by the plaintiff in his present action,) for it is well

settled, "that if one promise, in consideration of a credit already given, or of a debt already existing, it is an executed or past consideration, and creates no liability on the part of the promisor." Jackson v. Jackson, 7 Ala. Rep. 791, and authorities there cited. Here the negroes, which formed the consideration of the note given by Loftin to Brown, which is the foundation of this suit, had been delivered to Loftin at least nine months before Tiller ever saw Brown, or had any connection whatever with the transaction. The note had also been given, and was several months past due before his connection with it commenced.

I have made an extensive examination of cases analogous to this, and I have been unable to find one, (except that of Hullum v. State Bank,) in which a party, who has become bound to pay the debt of another which was past due when, for some new and sufficient consideration, he undertook to pay it, has ever been proceeded against as a joint promisor with the original maker of the note. Such persons are invariably considered and treated as guarantors, and proceeded against accordingly. In such cases too, the plaintiff must aver and prove the consideration on which the guaranty is founded, or he cannot recover. Sage v. Wilcox, 6 Conn. 81; Tenney v. Prince, 4 Pick. 385; 1 Gill. & John. 427; 4 Johns. 280; Beebee v. Moore, 3 McLean 387; 1 Strobh. 40; 16 Ohio 1; 5 Smedes & Marshall 627.

That parol testimony is admissible, to prove the terms of such agreements, is abundantly shown by the case of Hullum v. State Bank, supra, and the authorities cited to this point. In this case it was received without objection, and, with the promissory note, formed all the proof in the case. The contract thus proved was different from the one declared on, and so long as we regard the rule that the *allegata et probata* must correspond in order to justify a recovery, I am unable to see how the charge of the court in this case can be sustained. The charge must be predicated on *all the proof* in the case, and had this rule been followed here, my decided opinion is, that the charge refused was the one which should have been given.

I should always distrust the accuracy of my conclusions, when they would lead to the solecism, not say absurdity, of

holding that a party could intend; by subscribing his name to a note four months after it was due, to bind himself to pay it on an antecedent day. And such is the case here; Tiller never saw or heard of the note sued on until June, 1849, when he subscribed his name to it, and yet, by the ruling of this court, and the court below, and in the face of clear and unequivocal proof to the contrary, it is held that he made it in October, 1848, and promised to pay the sum named in it on the first of February, 1849.

It is no answer to this to say, that he intended to bind himself for the payment of the whole sum due, with interest; this may be, and is admitted; but then he was not to pay, or be liable to pay it until after the first day of September, 1849; and when, in a declaration, he is charged with having agreed and promised to pay it on the first of February, 1849, he might well plead, that he did not undertake and promise in manner and form complained of, and the proof would abundantly sustain his plea.

The plaintiff would sustain no loss by being compelled to a non-suit, which his own temerity would not deserve. He must be presumed to have known the character of the defendant's liability before he brought his action, and should be held to pursue him rightly; had he done so, he would have been compelled to have proved the consideration for the guaranty, but by being permitted to maintain his present action, he is relieved from the onus of such proof.

The record does not advise us what pleas were interposed in the court below; but it has been held in this court, that when the judgment entry shows that the parties appeared, and there is a finding by the jury, this court will presume it was on a proper issue, although no plea appears in the record, Lucas v. Hitchcock, 2 Ala. Rep. 287.

In ascertaining what plea was proper in the court below, so that it may be supplied by presumption or intendment in this court, I know no better rule by which to be guided, when the bill of exceptions sets out all the testimony, and it is shown that none of it was objected to by the counsel of the party against whom it was offered, nor ruled out by the court, than to conclude that such proof was pertinent to the issue made by the plea. Guided by this rule in the present case, it

38

is fair to presume, that the·defendant below had interposed the plea of want·of consideration. If this be so, then the case of Jackson v. Jackson, 7 Ala. Rep. 791, is an authority directly in point to show that the plaintiff below could not recover in his action on the note.

Thus, whether the plea be non assumpsit or want of consideration, the proof in the record, which was received and allowed to go to the jury without objection from any quarter, in my opinion clearly shows, that the plaintiff is not entitled to recover in this action.

I do not think it necessary further to extend this opinion; but differing as I do from the conclusion to which a majority of my brethren have arrived, I could not, in justice to the view I entertain of the law of the case, remain silent or say less.

CHILTON, J. concurs with Ligon. J.