## CROOK vs. DOUGLASS.

[ACTION ON BILL OF EXCHANGE, BY TRANSFERREE AGAINST ACCEPTOR.]

1. *Who is proper party plaintiff.*—Under the Code, (§ 2129,) an action on a bill of exchange, or instrument payable in bank or at a private banking-house, "must be prosecuted in the name of the party really interested, whether he have the legal title or not."

APPEAL from the Circuit Court of Talladega.
Tried before the Hon. NAT. COOK.

THE complaint in this case was as follows:

"Robert Douglass ⎫ The plaintiff claims of the de-
    *vs.* ⎬ fendant $449 85, due by order
James M. Crook. ⎭ drawn by Morris & Loyd, in favor
of James McCann, on 11th November, 1857, and accepted
by said defendant, on the 11th November, 1857, as fol-
lows: ' I accept the within, to the amount I may be owing
on a final settlement,"—signed by said defendant. And
plaintiff avers, that there was afterwards a full settlement
between the said Morris & Loyd and said defendant; and
that on said settlement there was found to be due from
said defendant to said Morris & Loyd, at the date of said
acceptance, the amount specified in said order. Said order
is now the property of plaintiff, and, with the interest
thereon, is now due and unpaid."

The defendant demurred to the complaint, and assigned
as causes of demurrer—" 1st, that the complaint does
not show that the plaintiff is the legal holder by endorse-
ment of the instrument sued on, and, therefore, does not
show his right to prosecute the suit in his own name;
and, 2d, that it does not show that there was ever any
final settlement between said defendant and McCann."
The court overruled the demurrer, and the defendant then
pleaded the general issue.

" On the trial," as the bill of exceptions states," after
proving the execution of the order sued on, and that there
was an unascertained balance due from defendant to said

Morris & Loyd at the time of making and accepting said order, and that there had been a final settlement between them, and that defendant was found by said settlement to have been indebted to said Morris & Loyd, at the time of drawing and accepting said order, to the amount of said order,"—the plaintiff offered the order and its acceptance in evidence to the jury. This order, which was addressed to the defendant, and signed by Morris & Loyd, as surviving partners of the firm of Morris, Hicks & Co., was in these words: "You will please pay Mr. James McCann four hundred and forty-nine dollars and eighty-five cents, which is the amount we are indebted to him for brick-work and plastering on your house, after a final settlement with him, and which is the amount to place on the order we gave Mr. McCann to you, bearing date the 8th September, 1857, and charge the same to our account, this 11th November, 1857." The defendant's acceptance, as written across the face of the order, was in these words: "I accept the within, to the amount I may be owing on a final settlement, Nov. 11, 1857." The defendant objected to the admission of the order and acceptance as evidence, "because the order was not endorsed to the plaintiff, and he was not the legal holder of the same." The court overruled the objection, and the defendant excepted.

The overruling of the demurrer to the complaint, and the rulings of the court on the evidence, are now assigned as error.

WHATLEY & ELLIS, for appellants.

WALDEN & BOWIE, contra.

A. J. WALKER, C. J.—Section 2129 of the Code is in the following words: "Every action, founded upon a promissory note, bond, or other contract, express or implied, for the payment of money, must be prosecuted in the name of the party really interested, whether he have the legal title or not; subject to any defense the payor, obligor or debtor may have had against the payee, obligee, or creditor, previous to notice of the assignment or trans-

Crook v. Douglass.

fer; *but this clause does not apply to bills of exchange, or instruments payable in bank, or at a private banking-house.* In all other cases, the suit must be instituted in the name of the person having the legal title." When this section says, " but this clause does not apply to bills of exchange," &c., we do not understand it to mean that all the preceding part of the section is inapplicable to bills of exchange, &c.; but that the next preceding member of the sentence, "subject to any defense," &c., has no application to bills of exchange and instruments payable in bank, or at a private banking-house. The member of the sentence, commencing with the words " subject to any defense," may, without any perversion of the word, be considered "a clause;" and that is the *"clause"* which the grammatical construction points out, as referred to by the words, " this clause," in the following member of the sentence. If it had been designed to exempt bills of exchange and the other commercial instruments from the operation of the preceding part of the section, they would have been appropriately mentioned by way of exception to the general description of the contracts embraced, or to the entire section.

We are more firmly persuaded that the construction we have given to section 2129 is correct, because we can find no sufficient reason for the exception of bills of exchange and the other commercial instruments named from the rule as to parties established by that section; and we find the exception of such instruments from the rule therein established, as to defenses against the holder of them, perfectly consistent with the policy which has ever characterized the legislation of this State.

Having noticed the only point made in the appellant's brief, and finding no error in any particular in the record, we do not deem it necessary to protract this opinion farther.

Judgment affirmed.