## PRICE vs. LAVENDER.

[ACTION ON PROMISSORY NOTE, BY PAYEE AGAINST ENDORSER.]

1. *Liability of irregular endorser.*—In an action by the payee of a note payable in bank, an averment that the defendant endorsed and delivered the note to the plaintiff, that it was protested for non-payment, and that notice thereof was given to the defendant, is sufficient to show a cause of action in favor of the plaintiff against the defendant.

2. *Presumption as to endorsements.*—Endorsements in blank on a note are presumed, in the absence of evidence to the contrary, to have been made in the order in which they appear on the note; and where the plaintiff's name is thus endorsed on it, the legal presumption is, that the note has been regularly returned to him.

3. *Proof of endorsement and plaintiff's ownership.*—In an action by the payee, against an irregular endorser of a note payable in bank, the plaintiff is not required to prove either the endorsement or his ownership of the note, unless they are denied by plea verified by affidavit.

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. C. W. RAPIER.

THIS action was brought by Robert S. Lavender, against Caleb Price, jr.   The complaint contained the common counts for money loaned, money paid, and on an account stated, and a special count in the following words : "The plaintiff claims of the defendant the sum of $110, on a promissory note made by one W. H. Dupree on the 13th day of August, 1857, and payable three months after the date thereof, to the order of the said plaintiff, negotiable and payable at the Bank of Mobile ; which said note, on the 19th day of August, 1857, was endorsed and delivered by the said defendant to the said plaintiff ; and said note, not being paid at maturity, was duly protested, of which said defendant had due notice ; which said note, with interest thereon, and costs of protest, is still due." The defendant demurred to this special count, because it showed no cause of action against the defendant in favor of the plaintiff ; but the court overruled the demurrer. Issue

was then joined, though the record does not show on what pleas.

On the trial, as appears from the bill of exceptions, the plaintiff produced a note corresponding with that described in the complaint; on which were endorsed the names of the defendant, the plaintiff, and W. Sayre & Co., in the order in which they are here stated; and the two latter endorsements appeared to have been stricken out, by having a pen drawn through them. The plaintiff also proved that the first endorsement was in the hand-writing of the defendant, and then read in evidence the note, endorsement, and protest. This being all the evidence offered by the plaintiff, the defendant demurred to it, and the plaintiff joined in the demurrer. The court overruled the demurrer, and rendered judgment for the plaintiff; and its rulings on the demurrers to the complaint and to the evidence, to which exceptions were reserved by the defendant, are now assigned as error.

G. Y. OVERALL, for appellant.

B. LABUZAN, contra.

A. J. WALKER, C. J.—The special count of the complaint alleges, that the defendant endorsed and delivered to the plaintiff a note made by a third person, payable in bank to the plaintiff; that it was protested for non-payment, and that notice thereof was given to the defendant. From the facts thus alleged a right of action in favor of the plaintiff results. The endorsement is an irregular one, made by a person not a party to the instrument. Whatever may be the decisions in other countries, the law is settled in this State with respect to such endorsements, that, unexplained, they impose a liability in favor of the person to whom the endorsement is made, against the endorser, which is strictly analogous to the liability upon a regular endorsement.—*Milton v. De Yampert*, 3 Ala. 648; *Jordan v. Garnett*, 3 Ala. 610; *Hall v. Chilton & McCampbell*, 3 Ala. 633; *Hullum v. State Bank*, 18 Ala. 805; *Tiller v.*

*Shearer*, 20 Ala. 596. See, also, Code, § 1547. The same diligence to collect out of the maker of the note is required to fix the liability upon such irregular endorsement, as would be required to fix the liability of a regular endorser. According to these principles, which are not now open for controversy in this State, the special count of the complaint is free from objection.

The decision is *McInnis v. Rabun*, (1 Porter, 386,) is not opposed to our statement of the law. The suit in that case was by the payee of a note, for the use of others, against one who had made an irregular endorsement. The declaration contained no averment, as the complaint here does, that the endorsement was made to the payee; and therefore the declaration could not have been regarded as showing a right of action in the plaintiff. It was for this failure to show a liability to the plaintiff that the declaration was held bad.

[2.] The evidence in this case established facts identical with those averred, except that the production of the note showed that, beneath the name of Price, endorsed on the note, were written in succession the names of the plaintiff and of W. Sayre & Co.; and that the endorsement of Price, being in blank, did not show that it was made to the plaintiff. The fact that the names of the plaintiff and another were written in succession beneath the defendant's, does not authorize the inference, sought to be drawn for the appellant, that the plaintiff endorsed to the defendant, and the defendant to W. Sayre & Co.; and that the defendant's name was written above the plaintiff's by mistake. The presumption is precisely the reverse—that the endorsements which are posterior in order, were posterior in point of time. Nor does the endorsement by the plaintiff, found upon the note, warrant the inference that he was not entitled to sue. " When a note is in the possession of one who appears to have previously transferred it, the legal presumption is that it has been regularly returned to him." *Herndon v. Taylor*, 6 Ala. 461.

[3.] The defendant does not, by sworn plea, controvert

either the making of the endorsement, or that it was made
to the plaintiff. In the absence of a plea, verified by affi-
davit, section 2279 of the Code dispenses with proof of
the execution of the endorsement.—*Agee v. Medlock*,
25 Ala. 281; *Ala. & Miss. River Railroad Co. v. Sanford*,
36 Ala. 703; *Ala. Coal Mining Co. v. Brainard*, 35 Ala.
476; *Frazier v. Browning*, 10 Ala. 817; *Tarver v. Nance*,
5 Ala. 717; *Dew v. Garner*, 7 Porter, 505; *Nesbit v. Pear-
son*, 33 Ala. 668; *Smith v. Harrison*, ib. 706. It was,
therefore, no objection to a recovery in this case, if the
plaintiff had offered no proof of the execution of the en-
dorsement.

We have a rule of practice, adopted in 1853, which is as
follows: "When an action is brought under section 2129
of the Code, by any transferree, assignee, or endorsee, the
plaintiff shall not be required to prove his interest in the
cause of action, unless the same is put in issue by plea
verified by affidavit."—28 Ala. 8; 31 ib. 5. Section 2129
requires suits, upon such contracts as that which is the
cause of action in this case, to be brought in the name of
the party really interested.—*Crook v. Douglass*, 35 Ala.
693. This is, therefore, an action under section 2129 of
the Code, and can only be brought in the name of the party
really interested. It is also an action by an endorsee; for,
to constitute an endorsement, it is not indispensable that
the writing should effect a transfer of the bill or note.
*Seabury v. Hungerford*, 2 Hill, (80,) 83; *Dean v. Hall*,
17 Wend. 214, 216, 217; Story on Prom. Notes, § 133;
*Ala. & Miss. River Railroad v. Sanford, supra*. The en-
dorsement is certainly irregular, because it was not made
by a party to the note; but it is not on that account the
less an endorsement. The plaintiff is an endorsee, bring-
ing an action "under section 2129 of the Code;" and,
falling precisely within the rule of practice above copied,
is not required "to prove his interest in the cause of action,
unless the same is put in issue by plea verified by affidavit."
If the plaintiff were required, in the absence of a sworn
plea, to show that he was the person to whom a blank

endorsement was made, the *onus* of proving his interest in the cause of action would be imposed upon him, and the rule of practice would be violated. It was, therefore, not incumbent on the plaintiff to prove, that he was really the endorsee.

The demurrer to the evidence was properly overruled, and the judgment must be affirmed.