# Bestor, Adm'r, v. Roberts.

## *Action for Breach of Agreement.*

1. *Signature; what evidence inadmissible to prove.*—Where the issue is, whether a telegram is in the hand-writing of a particular person, his genuine signature to another instrument cannot be admitted, to enable the jury, by a comparison of the two, to determine by whom the telegram was written ; but where suit is on a promise or request sent by telegraph, and its execution is not denied by sworn plea, proof of the genuineness of the telegram is without the issue, and allowing comparison of hand-writing could not work injury, and is not ground for reversal.

2. *Bail bond; indemnity for liability on; to what extends.*—P.'s son was arrested on a criminal charge ; plaintiff signed the son's bail bond, receiving certain jewelry as indemnity, agreeing to return it as soon as P. authorized plaintiff to go on the bond. Upon execution of the bail bond the son was released from custody. The next day P. telegraphed plaintiff, "My son is arrested in your town. Go surety for his appearance, and I will save you harmless." On receipt of the telegram, plaintiff restored the jewelry to the son, who afterwards continued at large under the bond already executed. The son, not having appeared, a conditional judgment was rendered against the obligors on the bond. Afterwards, by consent of court, the solicitor agreed to discontinue proceeding on the bond, if plaintiff would confess "judgment for costs as upon conviction," and afterwards a *nolle pros.* was entered, by consent of court, as to the criminal charge, "upon payment of costs of the prosecution, as if upon conviction," and plaintiff thereupon confessed judgment, which was rendered against him accordingly Plaintiff then brought suit against P.'s administrator to recover the amount plaintiff was compelled to pay on the judgment. *Held,*

1. This is not a case of a mere naked promise to indemnify the plaintiff against a liability previously incurred for a third person without request; but a promise, founded on a consideration which was executory and continuous in its nature, to-wit: not only taking the son out of jail, but keeping him out.

2. Although no new bond was executed *after* the telegram was received, yet the plaintiff having, at any time afterwards, the right to surrender the son, and not having done so, had fully complied with all that was of substance in

the father's request, to the benefit of the father and son, and could maintain an action against the father to recover the damage which the plaintiff had sustained.

3. The substance and spirit of the request were such as authorized plaintiff, under the circumstances, after proceedings to forfeit the bond on account of the son's non-appearance, to confess judgment for costs, as upon conviction, upon judgment of *nolle pros.* entered by consent of court upon these terms, and the indemnity promised, extends to the damages which the surety thereby sustained.

APPEAL from Circuit Court of Mobile.

Tried before Hon. H. T. TOULMIN.

Appellee, Roberts, brought this action against the appellant, Bestor, as the administrator of one J. D. Powers, deceased. The complaint contained two counts : the first count claimed of the appellant, as administrator, the sum of two hundred dollars, the amount which Roberts had been compelled to expend by reason of becoming surety on the bail bond of one J. M. Powers, at the instance and request of appellant's intestate, who promised to indemnify him against all loss, by reason of his going on the bond, which he failed to do. The second count claims of the appellant, as administrator, &c., two hundred dollars for the breach of an agreement in writing, entered into by Joseph D. Powers, deceased, in his life time, with plaintiff, in substance as follows : "My son is arrested in your town. Go surety for his appearance, and I will save you harmless ;" avers a compliance on the part of Roberts, and a refusal by the administrator, to comply with its provisions. The case was tried on pleas of the general issue and want of consideration. The evidence shows the following state of facts : J. M. Powers, the son of appellant's intestate, being under arrest on a criminal charge, in Birmingham, applied to Roberts to become bail for him, which Roberts consented to do temporarily, until he could communicate with his father, taking from him, as security, certain jewelry, which he agreed to return, when his father should authorize Roberts to become surety for him. On the next day Roberts received the telegram declared on, and returned the jewelry, remaining on the bond. Powers failing to appear, a conditional judgment was rendered against his sureties. Afterwards, by consent of court, the solicitor agreed to discontinue proceedings on the bond, if Roberts would confess "judgment for costs, as upon conviction," and afterwards a *nolle pros.* was entered, by consent of court, as to the criminal charge, upon judgment for the costs of the prosecution, as if upon conviction," and Roberts thereupon confessed jugment, which was rendered against him accordingly. This suit was brought to recover the amount Roberts was compelled to pay on this judgment.

Plaintiff introduced, as a witness, one Sanford, who testified that he was the manager of the Western Union Telegraph Company, at Mobile, and that, at the request of plaintiff's attorney, he had searched the files of his office and found a telegram similar to the one declared on, which purported to be signed by J. D. Powers. The plaintiff, for the purpose of proving the signature of J. D. Powers to the telegram, introduced in evidence a bond signed by him, after due proof of its execution, for the purpose, as stated by counsel, of allowing the jury to compare the signatures. The admission of this evidence was objected and excepted to by the defendant.

DAN. H. LAY, and D. P. BESTOR, for appellant.

STEWART & PILLANS, contra.

STONE, J.—Each of the counts in the present complaint contains a substantial cause of action. In the second count the telegram of plaintiff's intestate is declared on as the foundation of the suit. It is averred in said second count, "that the plaintiff claims of the defendant, said administrator, two hundred dollars, for the breach of an agreement in writing, entered into by Joseph D. Powers, in his life time, with plaintiff, in substance as follows," giving what purports to be a copy of the telegram. There was no sworn plea denying the execution of this instrument. Under this state of the pleading, the telegram, without further proof, was "evidence . . that the party undertook to perform the duty for which it was given, and that it was made on sufficient consideration."—Code of 1876, §§ 3035, 2989. Hence, it was not necessary, under the pleadings, to prove the execution by intestate of the alleged telegram; and it follows that the proof, by comparison of hand writing, was immaterial—related to no issue in the cause, and could not possibly have done any injury.

On the subject of comparison of hand-writing, see *Kirksey v. Kirksey*, 41 Ala. 626 ; *Little v. Beasly*, 2 Ala. 703 ; *Bishop v. The State*, 30 Ala. 41 ; *Durkee v. Verm. Cen. R. R. Co.* 29 Verm. 127.

If the present case be no more than a promise by intestate to indemnify plaintiff against a liability previously incurred for a third person, without prior request, it presents the naked case of past consideration, is *nudum pactum*, and can not be the basis of a recovery.—*Jackson v. Jackson*, 7 Ala. 791 ; *Rutledge v. Townsend*, 38 Ala. 706 ; 22 N. H. 544, (*Allen v. Woodward*); *Buckley v. Landon*, 2 Com. 404 ; *Tharm v.*

*Dear*, 4 Johns. 84; *Ellison v. Jackson Water Co.* 12 Cal. 542; *Freer v. Hardenbergh*, 5 Johns. 272: *Mills v. Wyman*, 3 Pick. 207; *Cook v. Bradley*, 7 Com. 57.

In 3 Salk. 96, it is said, "A promise grounded on a consideration executory, or which continues, is good, though the consideration was without request; as, for instance, 'For that you married my daughter, I promise to give you £100; good."

In *Marsh v. Kavenford*, Cro. Eliz. 59, the action was assumpsit, and the counts were, "that whereas, at the request of the defendant, there was a communication of a marriage between the plaintiff and the daughter of the defendant; that he married her, and that afterwards the defendant promised to pay him one hundred pounds. Egerton and Foster argued that this was no consideration; for it is past, and had no reference to any act before; but if the marriage had been at the request of the defendant, and after the marriage he promised, &c., this had been good.—Popham, Daniel and Coke, *contra.*  .  ·.  and it was here adjudged for the plaintiff."

In *Loomis v. Newhall*, 15 Pick. 159, it was ruled that "an entire promise, founded partly on a past and executed consideration, and partly on an executory consideration, is supported by the executory consideration."

So in *Barker v. Halifax*, Cro. Eliz. 741, the court said, "that an assumpsit in consideration that you had married my daughter, to give unto you £40 was good; for the affection and consideration always continues."

In Sto. Contr. § 477, this doctrine, in substance, is quoted without dissent.

In the present record, the service shown to have been rendered by Roberts to the son of defendant's intestate, was continuous in its character. He, as bail of young Powers, could, at any time, have arrested his principal, and surrendered him to prison in discharge of his bond. The object and spirit of the elder Powers' telegraphic request were, not only that his son should be taken out of prison, but kept out. Roberts complied with all that was of substance in his request; conferred on father and son benefit equal to all he could have done, if he had, technically, signed his bail bond after he received the telegram. We think Mr. Powers' promise, if proved to have been made as alleged, creates a legal obligation of indemnity, and will support an action.

There is nothing in the other question raised.

There is no error in the record, and the judgment of the Circuit Court is affirmed.