# Griffin *v.* Working Women's Home Association.

## *Contest of Probate of Will.*

(Decided Nov. 15, 1906.  44 South. 605.  Rehearing granted July 2, 1907.)

1. *Wills; Contest; Genuineness; Burden of Proof.*—Where a will is propounded for probate, and is attacked as a forgery, the burden of proving its genuineness is upon the proponent.

2. *Evidence; Handwriting; Standard of Comparison.*—Where a prior will was set up and admitted to be genuine and was treated as having been introduced in evidence, it was admissible, on the question of forgery of the proposed will, to compare testator's signature on the prior will with the signature on the proposed will.

[Griffin v. Working Women's Association.]

3. *Same; Extraneous Paper.*—A comparison of handwriting may not be instituted between the writing in question and genuine extraneous paper not otherwise relevant and admissible in evidence.

4. *Same; Non Experts.*—A non expert witness on handwriting may not express an opinion as to the genuineness of a signature from a comparison of handwriting alone, but may express his opinion if he knows the handwriting of the party from having correspondence with him or from having seen him write.

5. *Same; Experts.*—An expert on handwriting is a person accustomed to and skilled in the matter of genuineness and spuriousness in handwriting.

6. *Appeal; Matters Reviewable; Handwriting Experts; Qualification.*—The matter of the competency or skill of a handwriting expert as to his ability to testify is within the sound discretion of the trial court, and will not be reviewed unless abused.

7. *Wills; Genuineness; Evidence.*—On the question of the forgery of the proposed will proponent was entitled to show on the question of fraud that all the property testator owned and had devised and bequeathed therein was received by him through his wife, who was proponent's mother, and also to show the relations that existed between testator and proponent.

8. *Appeal; Matters Reviewable; Order of Proof.*—It being within the discretion of the court to allow or not testimony in rebuttal which was strictly a part of the main case the court's action thereon will not be reviewed.

9. *Same; Iimitation of Evidence.*—Where it was within the discretion of the trial court to admit or not certain evidence at the time it was offered, the party offering it cannot complain if the court limited the evidence to certain purposes.

10. *Evidence; Opinion Evidence; Non Expert Witness; Cross Examination.*—Where a non expert witness had testified that he had seen the testator sign the prior will and certain checks, one of which had been given to the witness, and that in his opinion the alleged signature of testator to the proposed will was not genuine because the letter "R" in the proposed will came down, as to its tail, like a small "y" which was not the case in the signature to the prior will, the court properly refused, on further cross examination of the witness to permit it to be shown that the tail of the "R" in the signature to the check given witness, which was produced and identified, was the same as in the signature to the proposed will. (DOWDELL, J., dissenting.)

APPEAL from Montgomery Probate Court.

Heard before Hon. J. B. GASTON.

Petition by R. May Griffin for the probate of an alleged last will and testament of L. K. Boultier, deceased, to which the Working Woman's Home Association of Montgomery, Ala., filed a contest and applied for the probate of a prior will, claiming that the will

offered for probate by petitioner was a forgery. From a judgment for contestant, proponent appeals. Affirmed on rehearing.

Various witnesses were examined pro and con, but the testimony objected to and on which the court ruled is sufficiently set out in the opinion of the court. The proponent asked the following charges, which were refused: "(1) The jury may institute a comparison between the signature to the paper dated July 17, 1905, offered for probate, in order to arrive at a conclusion as to the genuineness of the signature to said paper bearing date July 17, 1905. (2) The jury has the right to compare the signatures found on the letters offered in evidence with the signature to the paper offered for probate bearing date July 17, 1905." (3) General affirmative charge to find for proponent. The contestant asked the following charges, which were given: "(1) The jury are not confined in their consideration of the case to what is deposed to by witnesses upon the stand, but have the right and privilege to consider and weigh all the facts and circumstances appearing in the case, further arising from what is deposed to by witnesses or from writings introduced in evidence. (2) That the question of how Boultier derived his title to the property has nothing to do with the question whether or not he executed the will propounded for probate." There was judgment for contestant, and proponent appeals.

HILL, HILL & WHITING, for appellant.—The court erred in admitting testimony as to how long the witness Moore had been separated from her husband.—*Lord v. City of Mobile*, 113 Ala. 368; *Spicer v. The State*, 105 Ala. 126; *Browder v. The State*, 102 Ala. 164; *Rhea v. The State*, 100 Ala. 119. It was competent to show

from whom the testator received the property be-
queathed, and his relations with the devisee.—Under-
hill on Wills, parag. 65; *Glover v. Hayden,* 4 Cuch. 580;
*Patterson v. Patterson,* 6 S. & R. 55. The court erred in
refusing to permit proponent to show by the witness
Blakey that the tail of the "R" in the signature to the
proposed will was similar to that in the check given to
Blakey by the testator.—*Bir. Natl. Bank v. Bradley,*
108 Ala. 205; *Natl. Bank v. Armstrong,* 59 Ala. 156;
*Devan v. Atl. Natl. Bank,* 142 Ill. 302; *Hoag v. Wright,*
174 N. Y. 33. An expert can institute a comparison be-
tween the signature in dispute and the signature to an
admittedly genuine paper extraneous to the issue.—71
N. H. 163, s. c. 62 L. R. A. 817. Appellant had the right
to test the accuracy of the witness of the so-called ex-
pert's opinion in the way offered.—*Travellers Ins. Co.
v. Shepherd,* 85 Ga. 751; *Canadian Bank v. Brown,* 27
U. C. Q. B. 41; *Hoag v. Wright, supra.* The court
should have given the first two charges requested by
appellant.—*Crist v. The State,* 21 Ala. 157; *Bishop v.
The State,* 30 Ala. 40; *Bestor v. Roberts,* 58 Ala. 331.
The court erred in giving the charge requested by ap-
pellee.—*Holmes v. The State,* 23 Ala. 17; *Mack v. Bell,
et al.,* 48 Ala. 408; *Stone v. The State,* 105 Ala. 60.
Counsel discuss other assignments of error but cite no
authority.

GUNTER & GUNTER, for appellee.—Although the
affirmative charge is asked in this case, it can-
not be said to have been asked in good faith
in view of the evidence, and the bill of excep-
tions should be stricken on account of the length
of statement of evidence in extenso.—*L. & N.
R. R. Co. v. Hall,* 131 Ala. 161; *Gassenheimer
Paper Co. v. Marietta P. M. Co.,* 127 Ala. 183; *Wood-*

[Griffin v. Working Women's Association.]

*ward Iron Co. v. Herndon,* 130 Ala. 364. The prior will being in evidence and admitted to be genuine it was proper on a question of forgery of the last will to compare the signature of a prior with a subsequent will.— *Little v. Beasley,* 2 Ala. 703; *Kirksey v. Kirksey,* 41 Ala. 626; *Williams v. The State,* 61 Ala. 39; *Moon v. Crowder,* 72 Ala. 79; 3 Wigmore on Evidence, § 2000. The competency of the experts was clearly shown.—1 Wigmore on Evidence, § 556. In any event it was addressed to the discretion of the court and was not reviewable.— *L. & N. R. R. Co. v. Sandlin,* 125 Ala. 585; *White v. The State,* 133 Ala. 122. It was within the discretion of the trial court to refuse to permit evidence in rebuttal which was a part of the main case and not reviewable.— *Elyton Land Co. v. Denny,* 108 Ala. 560; *Bir. Ry. L. & P. Co. v. Mullen,* 138 Ala. 614; *Southern Ry. Co. v. Wilson,* 138 Ala. 510; 8 Ency. P. & P. 132. The rule is that only admitted or undoubted writings will be allowed as standard of comparisons.—91 U. S. 270; 151 U. S. 303; 157 U. S. 187; 62 L .R. A. 835; *Moon v. Crowder,* 72 Ala. 836; *Griffin v. The State,* 90 Ala. 596.

DOWDELL, J.—This appeal is prosecuted from a decree of the probate court in a proceeding for the probate of a will. There are numerous assignments of error on the record, all of which relate to rulings of the court on the admission and rejection of evidence, except the last five, which relate to given and refused charges. It would prolong this opinion to an undue length, and serve no good purpose, to treat numerous assignments in detail, since the questions raised, relatively speaking, are few, and may be disposed of in a general way by a statement of the rules of evidence and principles of law which we consider applicable.

There is but one issue in the cause, and that is whether or not the will propounded for probate was a forgery. The contestant's right of contest was based upon the alleged execution of a prior valid will by the testator, in which the contestant was named as sole devisee and legatee. Under the issue the burden of establishing the genuineness of the proposed will was on the proponent. In the opening of the case and the introduction of evidence, the initiative was with the proponent, and it was her duty to prove the due execution of the will, and this involved the proving of the genuineness of the signature to the will. All relevant evidence tending to this end legitimately belonged to the proponent's original case in the conduct of the trial. On the trial there was no dispute as to the genuineness of the prior will. Its execution was proven, and, besides, it was expressly admitted by the proponent during the trial, and for the purposes of the trial, that the prior will was genuine. It was treated by the parties during the trial as having been introduced in evidence, and at the conclusion of the introduction of evidence it was read to the jury. The prior will, therefore, being in the case by the contestant's pleadings, and admitted, as well as proven, to be genuine, under the decisions of this court it was undoubtedly permissible, on the question of forgery of the will propounded for probate, to compare the signature of the prior will with the signature of the will propounded.—*Moon v. Crowder,* 72 Ala. 79; *Williams v. State,* 61 Ala. 39; *Kirksey v. Kirksey,* 41 Ala. 626; *Little v. Beasley,* 2 Ala. 703, 36 Am. Dec. 431; 3 Wigmore on Evidence, § 2000, cls. 3, 4.

On the question of the comparison of handwriting, where the genuineness of a writing is in issue, the decisions of the courts are by no means in harmony. In some jurisdictions the question has been the subject

[Griffin v. Working Women's Association.]

of legislation. The question has been frequently under consideration in this court, and from former adjudications here the following rules may be laid down as being well settled: (1) When the forgery of a paper is in issue, and another paper admitted or proven to be genuine is properly in the case and before the court, a comparison may be instituted between the signature of the genuine paper and the signature of the disputed one The comparison may be made by the jury trying the case, for the purpose of determining the question of forgery vel non of the disputed paper. An expert witness may also make a comparison in such case of the two signatures, and after such comparison express his opinion as to the genuineness of the paper in dispute. (2) A comparison of handwriting may not be instituted between the writing that is in question and extraneous papers, although such extraneous papers may be shown to be genuine. A writing, although admitted to be genuine, when not otherwise relevant and admissible in evidence, is not admissible for the sole purpose of instituting a comparison of handwriting, whether by the jury trying the case or for the expression of an opinion by one examined as an expert witness. (3) A witness who is not an expert may not express an opinion as to the genuineness of a signature solely from a comparison of handwriting; but a witness, though not an expert, may express his opinion as to the genuineness of a signature, where such witness knows the handwriting of the party from having corresponded with him or seen him write.—*Little v. Beasley,* 2 Ala. 703, 36 Am. Dec. 431; *State v. Givens,* 5 Ala. 747; *Bishop v. State,* 30 Ala. 34; *Kirksey v. Kirksey,* 41 Ala. 626; *Williams v. State,* 61 Ala. 33; *Moon v. Crowder,* 72 Ala. 79. See, also, in this connection, 17 Cyc. pp. 73, 163.

As to the competency of a witness to give his opinion as an expert it was said by this court in *Moon v. Crowder, supra*: "To legalize such testimony, the witness must be first shown to be an expert; that is, accustomed to and skilled in the matter of handwriting, genuine and spurious." With this standard or rule, the question of competency of the witness seems to be one addressed to the sound judgment and discretion of the court, and its ruling is not reviewable on appeal, unless there is shown an abuse of this discretion.—*L. & N. R. R. Co. v. Sandlin*, 125 Ala. 585, 28 South. 40; *White v. State*, 133 Ala. 122, 32 South. 139. Because of the inconclusive nature of opinion evidence, much latitude should be allowed upon the cross-examination of a witness testifying his opinion, whether as an expert or non-expert, in order to afford the jury full opportunity of determining what weight should be given to the opinion of the witness.

The witness Blakey on his direct examination was permitted to state his opinion as to the genuineness of the signature to the proposed will. This witness testified, not as an expert, but from a knowledge of the handwriting from having seen the testator write. He testified on cross-examination he had seen the testator sign his name to the prior will, and had seen him sign checks on a bank, one check given to witness. The witness stated as his opinion that the signature to the will proposed for probate was different from the signature to the prior will that was admitted to be genuine, and that it was not the signature of the testator. The witness stated that there was a difference between the signature to the two wills in the making of the "R"; that in the will offered for probate the "tail" of the "R" came down like a "y," while in the prior genuine will such was not the case. On the cross-examination

of this witness the trial court would not allow counsel for proponent to ask this witness, and to show by him, after having identified the bank check given to witness by the testator, that the "tail" of the "R" in the signature of the check came down like a "y," just as it did in the signature of the will in question. In this ruling we think the trial court committed error. To allow the cross-examination was not a violation of the rule against the introduction in evidence of extraneous papers, for the purpose of instituting a comparison as a predicate for an opinion as to the genuineness of a disputed signature. The witness had already expressed his opinion, basing it, at least in part, on a particular fact, and the object of the cross-examination was to show the weakness of the foundation for the witness' opinion, or that he was mistaken. It was a competent circumstance to go to the jury, to be considered by them in determining what weight to attach to the opinion of the witness as evidence.—*Birmingham National Bank v. Bradley,* 108 Ala. 205, 19 South. 791.

The question of fraud being involved in the execution of the will, it was competent to show that all of the property that the deceased owned, and devised and bequeathed by him, was received by him from his wife, who was the mother of the proponent of the disputed will, and also the friendly relations that existed between the deceased and the proponent, who was his stepdaughter. These were circumstances proper for consideration by the jury in determining the question of the genuineness of the disputed will.—*Glover v. Hayden,* 4 Cush. (Mass.) 580; *Patterson v. Patterson,* 6 Serg. & R. (Pa.) 55.

A trial court will not be reversed on its ruling in sustaining an objection to evidence offered in rebuttal, which might have been introduced originally by the

plaintiff in making his case, and which, strictly speaking, is not rebuttal evidence. The letters offered by proponent in rebuttal might have been introduced in proponent's original case under the issue. The trial court, however, admitted them in evidence, to be considered by the jury alone for the purpose of showing the friendly relation that existed between the proponent and the deceased in his lifetime. It being a matter of discretion with the court in the admission of this evidence at the time when offered, we fail to see that the appellant has any right to complain of the limitations put by the court on its introduction.

On the rules above stated, we fail to see that the trial court has committed any reversible error in its rulings on the evidence, except in the one instance pointed out above. Under the evidence in this case, the written charges requested by the proponent were properly refused, and there was no error in the giving of the written charge requested by the contestant.

For the error pointed out, the decree appealed from will be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.

DOWDELL, J. (On Rehearing.)—The other members of the court are of the opinion that the ruling of trial court in refusing to permit the cross-examination of the witness Blakey by the proponent, appellant here, as pointed out in the former opinion, was free from error, and that the application for rehearing should be granted, and the former judgment of reversal set aside, and a judgment now be entered affirming the judgment of the probate court. The writer dissents from this con-

clusion, and adheres to the former opinion and decision in the case. While the witness Blakey did not testify as an expert on handwriting, still his evidence was opinion evidence, based on knowledge, it is true, of the testator's handwriting, from having seen him write his name, and on this knowledge gave it as his opinion that the signature to the proposed will was not genuine. The principle declared in *Birmingham National Bank v. Bradley*, 108 Ala. 205, 19 South. 791, as to the right of testing on cross-examination the knowledge of the witness testifying his opinion, for the purpose of showing the value and weight to be accorded by the jury to such opinion evidence, is applicable here. The principle necessarily is the same, whether the opinion be that of an expert witness, skilled from experience and study of handwritings, or the opinion of the witness based solely on knowledge acquired from having seen the particular person write his name. After all, it is but an opinion in either case, based on knowledge acquired in different ways.

It was not permissible to introduce the checks in evidence for the reason stated in my former opinion; but, as there stated, the cross-examination testing the value of the witness' opinion did not violate the rule laid down against introducing in evidence extraneous papers for the purpose of instituting a comparison of handwriting. The trial court ruled correctly in not allowing the checks to be introduced in evidence, but the cross-examination was none the less permissible for the reasons above stated.

Rehearing granted, judgment of reversal set aside, and judgment of affirmance entered.

TYSON, C. J., and HARALSON, SIMPSON, ANDERSON, and DENSON, JJ., concur. DOWDELL, J., dissents. McCLELLAN, J., not sitting.