# Gay v. Bankston.

*Action Against County Superintendent of Education, and Sureties, for Breach of Official Bond.*

1. *Complaint for money due teacher of public school; demurrer to.* Where an act (February 28, 1889, acts 1888-89, p. 80), provides that, to fix the amount of poll tax available each scholastic year for school purposes, the amount of poll tax paid into the State treasury, to the credit of the school fund of any race in any township or other school district, during each school year, shall be the amount of poll tax that may be contracted and used for school purposes the following year; a complaint in an action against a county superintendent of education. to recover money due under a contract to teach school in a designated township, is not demurrable for failure to allege that defendant had the money in his hands with which to pay plaintiff, for, if, by reason of any deficiency, there was not money enough to pay plaintiff, such fact would be defensive matter, to be pleaded.

2. *Same; admissibility of evidence.*—In such action, the contract mentioned in the complaint, made with the trustees, and approved by defendant. and plaintiff's quarterly report made to defendant as required by law, were admissible in evidence.

3. *Same; defense of want of funds.*—Where, in support of a plea that he had no funds with which to pay plaintiff's claim, defendant introduced a statement showing the amount of money received by him for the township in which plaintiff taught, and the expenditures, from which statement it appeared that he had paid plaintiff $5.31, and on the same day paid R., a teacher for the same township $24, it was competent for plaintiff to show that R. was paid more than he was entitled to, since it was not sufficient for defendant to show that he had disbursed all the funds in his hands, but he should have further shown that they had been paid out according to law.

APPEAL from the City Court of Gadsden.

Tried before the Hon. JOHN H. DISQUE.

Appellee sued the appellant, Gay, and the sureties on his official bond, as superintendent of education for Etowah county, said bond being payable to the State of Alabama, and conditioned for the faithful performance of the duties of said office during the time he should continue in said office or to discharge any of the duties thereof. The breach

alleged in the complaint was the failure of said Gay as such superintendent to pay plaintiff for services rendered by him as a teacher of one of the public schools in said county under a contract with certain township trustees, which contract was approved by said Gay. The defendant demurred to the complaint, assigning among other grounds the following: "5. It (the complaint) does not allege that said Gay received any school money with which to pay the plaintiff. 10. It (the complaint) shows no liability on the part of said Gay, or either of the other defendants. 11. It (the complaint) shows no breach of said bond." The demurrers being overruled by the court the defendant filed three pleas, the first of which was a general denial of the allegations of the complaint, except as to the execution of the bond, and the second averred full performance of the conditions of the bond. The third plea was as follows: "For further answer the defendants say that said Gay did not have any funds belonging to said township with which to pay said claim of plaintiff and this without any fault on the part of said Gay."

To this plea the plaintiff filed a demurrer one ground of which was as follows: "That defendant, Gay, as superintendent of education, was required to know how much money he had for this purpose before making or approving the contract and said plea is no answer to plaintiff's complaint," but no action was taken on said demurrer by the court.

On the trial the plaintiff introduced in evidence the written agreement made by him with the township trustees, for one of the townships in Etowah county, by which plaintiff was employed to teach one of the public shools at a stipulated salary and for a specified time, which contract was endorsed "approved" by the defendant, Gay, as county superintendent of education. The defendants objected to the introduction in evidence of said contract and their objections being overruled by the court they severally excepted to such ruling of the court. The plaintiff next offered in evidence his quarterly report made to the township trustees for the period covered by plaintiff's contract. The defendants objected to the introduction of said report in evidence and their exceptions being overruled by the court the defendants severally excepted.

The remaining facts sufficiently appear in the opinion of the court.

JAMES AIKEN for the appellants.

GEORGE D. MOTLEY for the appellee.

HARALSON, J.—The law contemplates that the public school fund shall be apportioned to the several townships and districts at the beginning of the scholastic year, and that school officers be informed of the amount apportioned to their district, before they are required to enter into contracts with teachers.

On the first day of October, or as soon thereafter as practicable, the Auditor is required to certify to the Superintendent of Education, the amount of money that has accrued and been placed to the credit of the School Fund for the scholastic year, beginning on that day, whereupon it is made the duty of the Superintendent of Education, after deducting certain amounts for expenses of the department, &c., to apportion all the balance of such fund to the various township and school districts, according to the entire number of children of school age ; to record the same in his office, and send a certified copy thereof to each County Superintendent, showing the dividends of the educational fund to each township or district under his supervision. Code, §§ 1004, 1005, 1009, Acts 1890-91, p. 554.

The County Superintendent is then required to notify the township trustees of the amount thus apportioned to their respective townships, whereupon it becomes the duty of the township trustees to fix the number and location of the public schools and to apportion to each school so established such an amount of the public school revenue, "as they may deem just and equitable, for the equal benefit of all the children thereof, between the ages of seven and twenty-one years," all of which they are required to report to the County Superintendent. Code §§ 968, 969, 974; Acts 1890-91, p. 554.

The apportionment here referred to, is the amount appropriated by the State, and not to the poll tax fund. Code § 1009. The latter is an uncertain element, and the amount thereof cannot be definitely known until the tax collector has made his first report for the fiscal year. The several amounts apportioned to the several schools of the district out of the general fund, are subject to be increased to the extent of the poll-tax, which may be realized for the scholastic year—that raised from white persons to be applied to white schools, and that from colored persons, to schools for colored pupils. Code, §§ 1009-1011.

VOL, 9.

To relieve in some measure the embarrassment of making contracts based on an uncertain fund, the Act of February 28, 1889, "To determine and fix the amount of poll-tax available each scholastic year for school purposes," (Acts 1888-9, p. 80) provides, "that the amount of poll-tax paid into the State treasury to the credit of the school fund of any race in any township or other school district, during each scholastic year, shall be the amount of poll-tax that may be contracted and used for school purposes the following year." This merely furnishes the basis for contracts with respect to the poll-tax fund, the authorized assumption being, that the poll-tax fund of the current year, for a given district and race, will be at least equal to that of the preceding year. Officers are authorized to act upon this assumption, in making contracts with teachers, and a teacher who contracts with respect to this fund, does so knowing that it may fall short of the amount for the previous year, and that he may have to suffer his *pro rata* share of the loss. As to such deficiency, there is no personal or official liability on the County Superintendent, he being without fault in the premises. If this be a grievance, the legislature alone can remedy it.

The appellee, Bankston, brought suit against appellant, Gay, as superintendent of education of Etowah county, and against the other appellants, as the sureties on his official bond, seeking to recover a sum of money alleged to be due the plaintiff under a contract to teach a public school for the white race, in a given township. The breach alleged is, the making of the contract by the plaintiff with the township trustees, its approval by the said Gay, as such county superintendent of education, performance on the part of plaintiff, and refusal by defendant, Gay, on demand to pay the stipulated compensation. To the complaint a demurrer was interposed. The grounds insisted on, assume that it was necessary for the complaint to allege that the defendant, Gay, had the money in his hands with which to pay plaintiff's claim. The position is not tenable. Public officers are presumed to do their duty, and every reasonable intendment is indulged in favor of this presumption.—3 Brick. Dig. 408; § 33; Throop on Public Officers, § 558. From the making and approval of the contract with plaintiff, it would be reasonable to presume that the officers had done their duty, that they had apportioned a proper share of the public school money to the school which plaintiff was employed to teach, and that funds were available to pay his claim. If not, the defendant, Gay, as such superintendent, was under

no obligation to enter into the contract with plaintiff. His contract implies that he had the means in hand with which to pay, subject to such deficiency as might arise from the non-collection of the poll-tax; and if by reason of such a deficiency, there was not money sufficient to pay the plaintiff, that was defensive matter to be pleaded. The demurrer was properly overruled.

The defendants then pleaded to the complaint, setting up the defense which was sought to be raised by the demurrer to the complaint, viz., the absence of funds in the hands of the superintendent with which to pay plaintiff. A jury was waived, and on trial the court rendered judgment in favor of the plaintiff for ten dollars and costs, to reverse which the appeal is prosecuted.

The plaintiff was allowed to introduce in evidence, against the objection and exception of defendants, the original contract described in the complaint, made by him with the township trustees, and approved by said Gay, as such county superintendent, and his quarterly report, made to the county superintendent, as required by section 987 of the Code. There is nothing in these exceptions. Both were clearly admissible. It was necessary to introduce them to make out plaintiff's case.

The defendant, Gay, in support of his plea, that he had no funds with which to pay the plaintiff's claim, introduced in evidence a statement, which he testified was correct, showing the amount of money received by him for the particular township and range for the year in question, and the expenditures thereof, from which statement it appears, that he paid to the plaintiff the sum of five dollars and thirty-one cents on his contract, and on the same day, paid to one Russell, a teacher for the same township, the sum of twenty-four dollars. In rebuttal, the plaintiff was permitted to read in evidence, over the objection and exceptions of defendant, the contract made by the township trustees with said Russell, which was approved by said Gay, as such county superintendent, on the 13th of July, 1891—the same day he approved plaintiff's contract with said trustees,—and also, said Russell's quarterly report, from which it appeared he had been employed to teach transferred children from the township, for three months, at the rate of eight dollars per month, and that he had taught thirty-five days, or one and three-fourths school months, (Code, § 1001). Except as to the amount of compensation stipulated, Russell's contract was not materially different from that of plaintiff, while his

report showed he had taught the same length of time plaintiff had.

There was no error in admitting these documents in evidence. It was not sufficient for defendant, Gay, to show that he had disbursed all the funds which came into his hands. He should have gone further and shown that they had been paid out according to law. It was certainly competent for plaintiff to show he had not done so; and, the Russell contract and report clearly showed the illegality of his alleged payment to Russell, to the extent of ten dollars. Russell having taught one and three-fourths months, the amount due him was fourteen, not twenty-four, dollars, which Gay paid to him, making an overpayment to him of ten dollars. There was more than that amount remaining due and owing on plaintiff's claim. The judgment of the court being for that amount only, there was no error in its rendition of which appellants can complain.

Affirmed.