# Noble *et al. v.* Gilliam.

## *Bill in Equity by Creditor to set aside a Conveyance as Fraudulent.*

1. *Bill to set aside fraudulent conveyance; burden of proof as to consideration.*--Where a bill is filed by an existing creditor to set aside a conveyance executed by his debtor as having been made to hinder, delay and defraud his creditors, and up-on the ground that the consideration was simulated and ficti-tious, the burden is upon the grantee in such conveyance to prove that the conveyance was made in good faith, was founded upon a valuable and adequate consideration, in what the consideration consisted and what and how it was paid; and when the conveyance is made by a husband to his wife, stricter and clearer proof is required than when the convey-ance is between strangers.

2. *Bill to set aside fraudulent conveyance; equity pleading; de-nials of answer.*—In response to a bill filed by an existing creditor to set aside as fraudulent and void a conveyance made by the complainant's debtor to his wife, upon the ground that it was made to hinder, delay and defraud the husband's creditors and was founded upon a simulated and fictitious consideration, a formal denial by the defendants in their answer of the charge of fraud and want of consideration is not sufficient; but they must affirmatively aver in their answer the facts relied on as constituting the consideration of the conveyance attacked, and also the facts showing the good faith of the transaction and the actual payment of an adequate consideration and how and when, and in what the consideration consisted; no matter of defense being available to the grantee in such conveyance which is not averred in her answer.

3. *Equity pleading; set off only available under cross bill; admissi-bility of evidence.*—On a bill filed by a creditor to set aside a conveyance as being fraudulent and void, a claim by the defendants against the complainant's debt can be made avail-

[Noble *et al.* v. Gilliam.]

able as a set off only by a cross bill; and in the absence of a cross bill seeking to set off such claim against the complainant's debt, evidence that the complainant owed the defendant such amount is inadmissible.

4. *Equity pleading; ownership of note sued on must be denied by sworn plea or answer.*—The execution of a note which is made the foundation of a suit in equity can only be denied by plea or answer verified by affidavit as required by the statute (Code, §§ 1901, 3296); and where there is no sworn plea denying the execution of such note, and the answer of the respondents is not verified by oath, the note which is the foundation of the suit is admissible in evidence; and testimony showing that said note was not executed by the defendant, or that it had been materially altered since its execution is inadmissible.—(*McGhee v. Importers & Traders' National Bank*, 93 Ala. 196, and *Clements v. Motley*, 120 Ala. 580, announcing a contrary principle overruled.)

5. *Equity pleading; presumption as to register's finding on facts.*—As to conclusions of fact drawn by the register on a reference, all reasonable presumptions will be indulged in support of his rulings; and they will not be disturbed unless they are based on wrong legal principles, or are clearly shown to be erroneous on the evidence.

APPEAL from the Chancery Court of Lamar.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by B. L. Gilliam, against R. D. Noble, and his wife, R. E. Noble, alleging that R. D. Noble, on the 7th day of November, 1896, became indebted to complainant in the sum of eighty-three and 65-100 dollars, due on the 25th of December of that year, by promissory note executed by said Noble for that sum. The note is attached as an exhibit to the bill and purports to be payable one day after date. In the note all exemptions were waived, and it contained an agreement, that the maker would pay all costs including attorney's fees if it should become necessary to employ an attorney to collect the same.

It is averred that on the 30th day of April, 1898, said R. D. Noble executed a deed to his wife, R. E. Noble, on the recited consideration of $350, conveying to her certain personal property therein described, including

blacksmith and mechanical and farming tools, and all his crops of corn and cotton and other produce raised on said farm, and all his notes and accounts that would be due on the 28th day of December, 1898, with the stipulation in the conveyance and as a part of the consideration therefor, "that said R. D. Noble is to manage the said property for the said R. E. Noble, and that he has become her agent to transact any business for her that may come to hand, by the consent of said R. E. Noble." It is further averred that the execution of said deed by said Noble to his wife was a scheme on his part to defraud his creditors including complainant, and to place his property beyond their reach; and Mrs. R. E. Noble participated in this scheme, and well knew that this conveyance was for the purpose of hindering, delaying and defrauding complainant and other creditors of said R. D. Noble from collecting their debts; that the consideration of said deed was voluntary, fictitious and simulated; that R. E. Noble never paid R. D. Noble anything for said property; that said R. D. Noble has been in the possession of said property ever since the execution of said deed, using and managing it as his own, collecting said accounts and applying the same to his own use; that he has been using said blacksmith tools, engaging in carrying on a blacksmith shop; that said Noble was a blacksmith and a part of the consideration of said deed was that he was to have the use of said blacksmith and mechanical tools; that he traded one of the mules for a horse, and had procured another horse from the proceeds of said notes and accounts, all of which said R. E. Noble is claiming as her own, but that in fact it is the property of said R. D. Noble.

The prayer was that on a final hearing the amount due on said note including a reasonable attorney's fee for collecting same be ascertained; that the personal property described in the bill be condemned to pay said Noble's indebtedness to complainant, and decreed to be sold for the payment of the same; that it be ascertained how much if any of the said notes and accounts the said

R. E. Noble has collected and that a decree be rendered against him for the amount; that said deed be cancelled and held for naught, and the property therein conveyed be condemned and made subject to and ordered to be applied to payment of complainant's debt and for other and general relief.

The answer denies that the sale of said property by R. D. Noble to his wife was for the purpose of hindering, delaying and defrauding his creditors, and that said con veyance to her was voluntary and with consideration; but avers that the same was *bona fide* for full value. It denies that said R. D. Noble is insolvent. Its averments as to the said conveyance are, "that about the date of the execution of the alleged note, defendant R. D. Noble became indebted to the complainant in the sum named, by account, but that he paid the same in full to the complainant before the filing of her bill, and that he owed her no other debt; * * that complainant was indebted to the defendant, R. D. Noble, at the time of the filing of her bill, by account, which account was $6 in excess of her demand, principal and interest thereon, which account defendants offer to off-set against the complainant's demand and pray judgment for the excess of said account; * * that the defendant R. D. Noble * * has paid the complainant's debt in full for which this bill was filed.

On the submission of the cause upon the pleadings and proof, the chancellor rendered his opinion and decree, holding that said conveyance was fraudulent and void as to complainant's debt, and ordered the same cancelled and annulled. As to the indebtedness he ordered a reference to the register to ascertain the amount, if anything, that was due on complainant's note, on the basis of the decree, with interest to the date of the report, and if any of the notes and accounts attempted to be conveyed by defendant had been collected and how much, and what was a reasonable attorney's fee for complainant's solicitor.

The register executed the reference, using the testi-

mony already taken in the cause, as he was authorized to do, and other evidence taken by him, and reported that he found to be due on said note the sum of $14.07, and an attorney's fee of $25 for the prosecution of this suit, making $39.07. He also found that R. E. Noble had collected the sum of $95.05 on said notes and accounts. Exceptions were filed to the report on each side, which were overruled, the report was confirmed and a decree rendered against defendants for $39.07 besides costs, and ordering a sale of the property mentioned in the said deed from R. D. Noble to his wife sold for the payment of the same, if not paid within thirty days. From this decree defendants appeal and assign as error the rendition of the said decrees and the ruling upon the evidence.

W. A. YOUNG, for appellant.—The note in this case should have been excluded, or the mutilations accounted for. The statute provides that all defense may be set up in the answer. The defendant in answer says that the only indebtedness was by account and none other. The execution of a note when denied by a plea in an answer must be sworn to; but it is not the case when set up in answer. Rule 29 and section 3296 of Code do not apply.—*Clements v. Motley,* 120 Ala. 580; *Mc-Ghee v. Importers and Traders Bank,* 93 Ala. 196; *White v. Huss,* 32 Ala. 430; *Davis v. Carlisle,* 6 Ala. 707; *Hill v. Nelson,* 86 Ala. 446; *Winter v. Paul,* 100 Ala. 533.

NESMITH & NESMITH, *contra.*—The defendant must have answered specifically everything within his knowledge; and having failed to do so, or having given a vague and indefinite answer, this must be construed as an admission on his part of the truth of the allegations of the bill.—*Moog v. Barron,* 101 Ala. 209; 28 Ala. 289.

The chancellor properly received the note which is the foundation of the suit in evidence for the reason that the execution of the same was not denied by sworn plea. *Smith v. Hills Corner Co,* 107 Ala. 272; *Bonner v. Young* 68 Ala. 35.

The court committed no error in decreeing that the evidence tending to show a set-off for taking care of complainant and her father and mother is inadmissible; because the same is not set up in the pleadings.—*Robinson v. Moseley*, 93 Ala. 70.

HARALSON, J.—1. The burden was on the defendants, not simply to deny the negative averment, that there was no consideration,—as averred in the bill,—but to state the affirmative fact that there was such consideration, in what it consisted, when and how it was paid, The controversy being between creditors and the wife, there is a presumption against her, which she must overcome by proof, and she cannot avail herself of any matter of defense which is not stated in her answer, even though it should appear in evidence.—*Robinson v. Moseley*, 93 Ala. 70; *Gamble v. Aultman*, 125 Ala. 373; *Wimberly v. Montgomery F. Co.*, 132 Ala. 107; 31 So. Rep. 526.

2. Here, the denials of the answer of the averments of the bill as to want of consideration and the fraud alleged were general. The answer merely states, that defendants deny that the sale was for the purpose of hindering, delaying and defrauding the creditors of R. D. Noble, the husband, or that the said R. E. Noble, the wife, is a voluntary grantee without consideration, and avers that said sale was *bona fide* for full value, and that complainant has no equitable claim on the property sold for the satisfaction of her debt. Such averments fall far short of such as should be made in a case of this character, to entitle defendants to introduce proof touching the consideration of the alleged sale and conveyance. Furthermore, the proof that was offered, if admissible, not only fails to show a consideration for the conveyance of the property to her, how or from what sources the wife derived it, but the proof satisfactorily establishes that she did not pay anything for it, but that the conveyance was made, to shield her husband's property from his creditors, particularly from the claim of Mayfield & Jones against him, and that he r~~d ~~ ~~ ~~

own, after as before the pretended sale. One of the considerations of the conveyance as expressed in the instrument itself was ,"that R. D. Noble is to manage the said property for the said R. E. Noble and that he has become her agent to transact any business for her that may come to hand, by the consent of said R. E. Noble".

The defendant, R. D. Noble, testified: "I worked close last year. When I worked close I made $150 a year. I have been adding to what I sold, and they are together worth $250. I know them apart ⌈the property purchased and that sold⌉. From the time I made the deed to my wife, what I made with the tools has been mine, the remainder of that year and every year since.\* \*. \* I completed and gathered the crop the year I made the deed. I don't know how much of that money I have now. I haven't paid any attention to it lately. I think I have $150. I have paid out $185 for blacksmith tools and iron. I used all the property since the sale, just as I did before, except that I swapped the horses by her consent." The evidence of other witnesses was to the effect, that he used the property as his own.

One A. L. Gilliam testified, that he heard R. D. Noble say, that he made the deed to his wife to keep from paying a debt to Mayfield & Jones; and B. L. Gilliam testified, that he heard him and his wife both say the same thing.

3. These defendants sought to introduce evidence that complainant owed them by account, which they offered to set-off against complainant's debt. This evidence was properly rejected, since such a claim could not be brought forward except by cross-bill.—*Tatum v. Yahn,* 130 Ala. 575.

4. They objected also to the introduction in evidence, of complainant's note on R. D. Noble, on the ground that defendant, R. D. Noble, had not executed it, and because of an alleged material alteration of the same. The answer was not verified, and there was no plea denying the execution of this note, nor that the same had been materially altered since its execution, without which

[McCain Bros. v. Street.]

evidence to sustain these defenses was inadmissible.—
*Dreyspring v. Loeb*, 119 Ala. 282; *Henderson v. Brown*,
125 Ala. 567; *Smith v. Hiles-Carver Co.*, 107 Ala. 272;
*Paige v. Broadfoot*, 100 Ala. 610. The cases of *McGhee
v. I. & T. N. Bank*, 93 Ala. 196, and *Clements v. Motley*,
120 Ala. 580, in conflict with these cases on this point,
are overruled.

5. The chancellor held that it did not appear that
the register's findings were erroneous, and confirmed the
same. On appeal, we will indulge all reasonable pre-
sumptions in favor of the register's rulings, and will not
disturb them, since it is not clearly shown they were
wrong.—*Winter v. Banks*, 70 Ala. 409; *Gresham v. Ware*.
79 Ala. 192; *Vaughan v. Smith*, 69 Ala. 92; *McQueen v.
Whetstone*, 30 So. Rep. 548.

No error appearing, the decree must be affirmed.