# Driver, *et al. v.* New.

### *Bill to Enjoin Trespass.*

(Decided January 11, 1912.   57 South. 437.)

*Injunction; Subjects; Trespass Upon Land.*—While a bill to
enjoin trespass cannot be substituted for ejectment, yet injunction
will lie for a reasonable time to enable the parties to bring a suit
at law to establish the legal title.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Charley New against J. B. Driver and an-
other, to enjoin a trespass to land.   Decree for com-
plainant and respondents appeal.   Affirmed.

BESTOR, BESTOR & YOUNG, for appellant.   Complain-
ant had an adequate remedy at law and the demurrers
to the bill should have been sustained.   The remedy by
injunction cannot be substituted for ejection or un-
lawful detainer, and in such law actions all damages
may be recovered for.—*Cooper v. Watson,* 73 Ala. 252;
*Beatty v. Brown,* 76 Ala. 267; *Kellar v. Bullington,* 101
Ala. 270; *Bolling v. Crook,* 104 Ala. 138.

FREDERICK G. BROMBERG, for appellee. The chancellor properly granted the injunction for such a time as was necessary for appellants to institute and carry on an action of law to determine title.—*Hamilton v. Brent L. Co.*, 127 Ala. 78. Under the facts alleged the chancellor might well have made the injunction perpetual.—*Coleman, et al: v. Elliott*, 40 South. 666.

SIMPSON, J.—The bill in this case was filed by the appellee to enjoin the committing of trespasses on land, which said trespasses are alleged to be of such a continuous nature as to justify the interposition of a court of equity. It is settled that this proceeding cannot take the place of an action of ejectment, thus invoking the jurisdiction and powers of a court of chancery to decide in which party the title to land resides. The court, however, exercises its powers temporarily, enjoining the commission of the trespasses for a reasonable time, in order to enable one party or the other to bring suit in a court of law to establish his legal title.

In the case of *Kellar v. Bullington*, 101 Ala. 267, 14 South. 466, the evidence showed that the respondent was in possession of the land under color of title, and that the complainant claimed title under a government patent subsequent to respondent's entry, and this court denied the injunction, holding that it was merely a case of controversy as to the title to the land, which could not be tried in a court of equity. The court also gave as a further reason why the injunction was denied, that the value of the stone which had been and could be taken by the respondent was so inconsiderable in comparison to the vast quarry involved that no irreparable injury would follow the assertion of complainant's legal remedies without resort to injunction, and,

[Driver, et al. v. New.]

quoting from High on Injunctions, said: "If the title to the locus in quo is in doubt, the injunction, if allowed at all, should only be temporary until the title can be determined at law."—101 Ala. 270, 271, 14 South. 467.

In the case of *Ashurst v. McKenzie,* 92 Ala. 484, 491, 9 South. 262, 264, this court said, "With respect to the relief sought in the bill by way of injunction of trespasses, it may be conceded that, pretermitting the question of title, the continuous or recurring character of the threatened trespasses alleged entitle the complainants to have their commission enjoined, since redress at law could only be had by a multiplicity of suits, a fact of itself sufficient to determine the inadequacy of the legal remedy, and especially so in view of the defendant's alleged and admitted insolvency," and after alluding to the fact that the matter of title was contested between the parties, and that the evidence was in irreconcilable conflict, stated that the chancery court only . "conserves and protects the property by its restraining process," and that "the only relief equity can grant in the first instance is by way of temporary injunction of trespass, giving the parties opportunity to litigate the title in the courts at law," etc., and as the complainant was in possession the temporary injunction was allowed.

In the later case of *Hamilton v. Brent Lumber Co.,* 127 Ala. 78, 84, 28 South. 698, the court held that the chancellor was in error in decreeing that the complainant had the constructive possession, basing it upon "the doctrine which refers the possession to the title," because the court of equity has no jurisdiction to determine the title, yet, although there was no averment in the bill that the complainant was in possession, and no proof of possession, in him, but it was shown to the

42—175

satisfaction of the court that the respondent was in actual possession of the land, this court rendered a decree continuing the injunction until the complainant should have a reasonable time to bring an action at law to recover possession of the land.

It seems, from these decisions of our own court, that when the title is in dispute, and the trespasses are continuous and create irreparable injury, the court will allow the temporary injunction, whether the complainant or the defendant be in possession, the object being to preserve the property until the rights of the parties can be judicially determined. The bill in this case shows the continuous and irreparable nature of the trespasses in this case, and alleges that the complainant is in possession and has title to the premises. The respondent also sets up title.

The evidence offered by complainant shows that complainant's father entered upon the land under color of title in 1870, lived on it for many years, and exercised acts of ownership, and since he moved off he and his son, the complainant, who succeeded to his father's possession under a deed, kept numerous notices of their ownership and possession at a number of places on the land, besides doing other acts indicating ownership. While there is some conflict in the evidence, we think that the chancellor correctly held that the possession of the land was in the complainant, and, under the authorities cited, properly granted the temporary injunction, until the title to the land can be determined by a proceeding at law brought within a reasonable time.

The decree of the court is affirmed.

Affirmed. All the Justices concur, save DOWDELL, C. J., not sitting.