# New *v.* Driver.

### Bill to Remove Cloud from Title.

(Decided November 26, 1912. Rehearing denied February 13, 1913. 60 South. 798.)

*Judgment; Conclusiveness; Matters Concluded.*—A decision in a suit to enjoin continuous trespasses until the title to the land is determined by a proceeding at law, and that certain deeds relied on by defendant did not establish his possession of the land, was not a determination of the invalidity of the deeds, nor would it prevent their use in a subsequent action of ejectment to show defendant's right of possession.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by Charles New against Joseph B. Driver to declare certain deeds a cloud on title and to remove same. From a decree for respondent, complainant appeals. Affirmed.

FREDERICK G. BROMBERG, for appellant. See generally *New v. Driver*, 57 South. 437. The amendment should have been allowed.—*Driver v. New, supra; Smith*

[New v. Driver.]

*v. Cockrell,* 66 Ala. 64. The bill contained equity and complainant was entitled to the relief prayed.—*Lehman v. Shook,* 69 Ala. 493; *Fonder v. Sage,* 45 N. Y. 172; 1 Story's Eq., 711a; 17 Mich. 282. The case of *New v. Driver,* cited supra, is res adjudicata that the deeds from Smith to appellee were invalid muniments of title as against appellant.—3 Mayf. 1162; *Trustees v. Keller,* 1 Ala. 406; 107 U. S. 20; 168 U. S. 1; 146 U. S. 607.

GREGORY L. & H. B. SMITH, for appellee. The remedy for a refusal to allow an amendment is by mandamus. —*Ex parte S. & N. Ala. R. R. Co.,* 65 Ala. 599; *Lee v. Harper,* 90 Ala. 538; *Ex parte Sullivan,* 106 Ala. 80. The demurrers to the bill were properly sustained.— *Driver v. New,* 57 South. 437; *Wilson v. Miller,* 143 Ala. 271; *Kerr v. Nicholas,* 88 Ala. 346.

DE GRAFFENRIED, J.—In the case of *Driver et al. v. New,* 175 Ala. 655, 57 South. 437, the appellee New filed a bill in equity to enjoin the appellants, Joseph B. Driver et al., from committing trespass upon lands of which the said New was in the actual possession. In that case the bill alleged that the trespass sought to be enjoined were of such a continuous character as to call for equitable relief. The case was submitted on its merits, the chancellor granted a decree enjoining said Joseph B. Driver et al. from further trespassing upon the land until the title to the land could be "determined by a proceeding at law brought within a reasonable time." This court, upon appeal, simply affirmed the decree of the chancellor without alteration or modification. In the above case the appellants, Joseph B. Driver et al., as a defense to the suit, set up title to the land, but this court, in terms as plain as the English language could make them, declined—as the chancellor,

in his decree, had declined—to consider the question of title. This court found—as the chancellor had found—that the appellee, New, was in possession of the land, and, declining to consider the question as to where the title resided or by what instruments it was evidenced, held that the chancellor "properly granted the temporary injunction until the title of the land can be determined by a proceeding at law brought within a reasonable time."

The above being the situation, the appellee, Driver, brought an action of ejectment against the appellant, New, for the possession of said lands. Thereupon the appellant, New, filed this bill, praying, among other things, that the appellee, Driver, be enjoined from using as muniments of his title in said ejectment suit, two deeds which had been introduced in evidence in said case of *Driver et al. v. New, supra,* upon the ground that the decree of the chancery court and of this court in that case had established the invalidity of said deeds. While the chancery court and this court may have arrived at the conclusion that said deeds did not establish the possession of the said Driver et al. of the said lands, neither the chancery court nor this court undertook in any way to pass upon the validity of said deeds. In the case of *Driver et al. v. New, supra,* the question was not who had the right to the possession, but who had the actual possession of the lands, and, of course, the question as to the validity—the sufficiency—of the deeds in question was not before the court and was not passed upon. In the action of ejectment to which the present bill refers the legality of the deeds—their validity and legal sufficiency—can be put in issue, and the court in which the action of ejectment has been brought has ample power to determine that question. In fact, that court is the proper forum for the determination of that issue.

We have discussed the only question presented by this record—if, indeed, in the state of the record, any question is presented to us for our determination—and in our opinion the decree of the court below is free from error.

Let the decree of the court below be affirmed.

Affirmed. All the Justices concur.

