## Sulzby *v.* Palmer.

### Bill to Foreclose Mortgage.

(Decided January 20, 1916. 70 South. 1.)

1. **Equity; Pleading; Verification.**—The provisions of § 5332, Code 1907, are applicable to pleadings and proceedings in equity.

2. **Same.**—Section 3967, Code 1907, is also applicable and extends to proceedings in equity.

3. **Deeds; Presumption.**—Where the official certificate of the acknowledgment of a conveyance conforms substantially to the statute, it is presumed to be true, unless the execution is denied by a sworn plea, and authorizes the conveyance to be read in evidence.

4. **Same; Delivery; Proof.**—Where a purported deed is shown to have been signed by the grantor, acknowledged and duly certified and recorded in the county in which the land lies, and there is no proof to the contrary, such proof is sufficient proof of completed execution by delivery.

5. **Same; Acknowledgment; Authorization of Officer.**—Before an officer is authorized to certify the acknowledgment of a purported deed there must be in fact an acknowledgment by the grantor of the instrument signed.

6. **Pleading; Instrument; Burden of Proof.**—Where § 3967, Code 1907, is complied with by filing a plea of non est factum in a suit on a written instrument, the burden of proving the instrument is cast upon the complainant.

7. **Same; Non Est Factum.**—The want of an affidavit to the plea of non est factum is a defect available on demurrer.

8. **Same.**—Where the action is on a note, a plea averring that the date of the note has been changed since it was signed is a plea of non est factum.

9. **Same; Foreclosure; Execution.**—Where the suit was to foreclose a mortgage and respondent by cross bill denied the execution of the notes and the mortgage by a sworn plea therein, respondent did not thereby undertake the burden to disprove the mortgage on which the foreclosure was sought, but the burden was upon complainant to prove the execution of the notes and mortgages, when offered in evidence (§ 3967, Code 1907).

10. **Mortgages; Foreclosure; Burden of Proof.**—Where the suit was for the foreclosure of a mortgage, and the recorded mortgage, which referred to the note, and the note, were introduced in evidence, the introduction of the recorded mortgage prima facie discharged complainant's burden of proof as to its execution under § 3374, Code 1907, but did not discharge the burden as to the note; the execution of both note and mortgage being denied by sworn plea.

11. **Acknowledgment; Witnesses.**—Where the execution of the mortgage sought to be foreclosed is denied by sworn plea, the affirmative testimony of interested witnesses as to the falsity of the officer's certificate of acknowledgment will be scrutinized carefully in the light of their interest, but will be given the same weight as the testimony of other interested witnesses, if full and direct.

12. **Evidence; Handwriting.**—Where the execution of the mortgage and note was denied by sworn plea, the admission in evidence, over objection, of a genuine specimen of respondent's handwriting for the purpose of comparison with the signature of the note and mortgage, was erroneous, as a comparison of handwriting may not be instituted between a writing in question and genuine extraneous papers, whether the comparison is to be by the jury trying the case, or through the expression of opinion by an expert.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by James F. Sulzby against Mary Palmer to foreclose a mortgage. Decree for respondent and complainant appeals. Affirmed.

W. T. HILL, and JAMES A. MITCHELL, for appellant. THOMPSON & BACHRACH, for appellee.

(This case appears in 194 Ala. 524, but because of the omission of a page from the opinion, eliminating an important part of the opinion, growing out of an error of the Reporter or the printer, it is reproduced here.—Reporter.)

[Sulzby v. Palmer.]

THOMAS, J.—Appellant, James F. Sulzby, filed his bill to foreclose a mortgage. Appellee, Mary Palmer, by answer and cross-bill under oath, denied the execution of the notes, and of the mortgage securing the same, and prayed the cancellation of the same as a cloud on her title.

(1) The statute requiring that a plea denying "the execution by the defendant, his agent or attorney, or partner, of any instrument in writing, the foundation of the suit, or the assignment of the same" must be verified by affidavit, applies to proceedings in equity as to those in courts of law.—Code 1907, § 5332; *Bonner v. Young*, 68 Ala. 35; *Dreyspring, Admr., v. Loeb*, 119 Ala. 282; *Noble, et al. v. Gilliam*, 136 Ala. 618; *Henderson v. Brown*, 125 Ala. 567.

(2) Every written statement, the foundation of a suit, purporting to be signed by the defendant, his partner, agent or attorney in fact, "must be received in evidence without proof of the execution, unless the execution thereof is denied by plea verified by affidavit."—Code 1907, § 3967.

In the case before us the eighth paragraph of the appellee's answer and cross-bill is verified by the affidavit of respondent in the court below, and denies the execution of the notes and of the mortgage, foreclosure of which is sought.

We have for consideration, then, the burden of proof on appellant, to establish the material allegations of the bill, which embraces proof of the existence of the debt and of the execution of the notes and mortgage securing the same.

The original notes and the mortgage are before us for inspection. The notes import a consideration, and purport to be signed by appellee. The mortgage contains a certificate of acknowledgment. It has been the ruling of this court that the body of an instrument may be looked to, in aid of the probate.—*Bradford v. Dawson*, 2 Ala. 207; *Gates v. Hester*, 81 Ala. 357; *Frederick v. Wilcox*, 119 Ala. 355, 358; *Middlebrooks v. Stephens*, 160 Ala. 282.

(3) Where the official certificate of the acknowledgment conforms substantially to the statute, it authorizes the conveyance to be read in evidence.

(4) It is the rule that when a purported deed is shown to have been signed by the grantor, and to have been acknowledged, and duly certified by a proper officer, and recorded in time in the office of the judge of probate of the county in which the lands

[Sulzby v. Palmer.]

lie, and there is no other proof to weaken the force of these facts, this is sufficient proof of complete execution by delivery, although there is no direct proof of delivery.—*Ward v. Ross,* 1 Stew. 136; *Frisbee v. McCarty,* 1 Stew. & Port. 56; *Elsberry v. Boykin,* 65 Ala. 336; *Gulf Red Cedar Co. v. Crenshaw, et al.,* 169 Ala. 613; *Culver, et al. v. Carroll,* 175 Ala. 469.

(5) In *Orendorff v. Suit, et al.,* 167 Ala. 563, the court declared that the casual presence of a putative grantor and the possession of an instrument purporting to have been signed are not of themselves sufficient to confer jurisdiction. There must be an acknowledgment, by the grantor of the instrument signed, before the officer is authorized to certify the acknowledgment.— *Byrd v. Bailey, et al.,* 169 Ala. 452.

The statutory rule provided by the act (Acts, Sp. Sess. 1909, p. 14) is that "Conveyances of property, real or personal, or any interest therein, whether absolute or on condition, which are acknowledged or proved according to law, and recorded, may be received in evidence in any court without further proof; and if it appears to the court that the original conveyance has been lost or destroyed, or that the party offering a transcript, had not the custody or control thereof, the court must receive the transcript, duly certified, in the place of the original, unless the reputed maker is in bona fide possession of the property and makes and. files an affidavit that the said conveyance is a forgery."

The statute (Code, § 5332), requiring the vertification of all pleas denying the execution by the defendant of an instrument in writing, the foundation of the suit, is as follows: "All pleas in abatement, unless it be a matter of record, pleas which deny the execution by the defendant, his agent or attorney, or partner, of any instrument in writing, the foundation of the suit, or the assignment of the same, or which set forth any instrument in writing, whether under seal or not, which is alleged to be lost or destroyed, and pleas since the last continuance, must be verified . by affidavit."

(6) Where the statute (Code, § 3967) is complied with by filing the plea of non est factum, the burden of proving the execution of the instrument, the foundation of the suit, is upon the complainant.

(7) The want of an affidavit to a plea of non est factum is a defect available on. demurrer.—*McWhorter v. Lewis,* 4 Ala. 198;

[Sulzby v. Palmer.]

*Bryan, et al. v. Wilson,* 27 Ala. 208; *M. & M. Ry. Co. v. Gilmer,* 85 Ala. 422; *Lesser v. Schloze,* 93 Ala. 338.

(8) In an action on a promissory note, a plea averring that the date of the note has been changed since the defendant signed it is a plea of non est factum.—*Dexter v. Ohlander,* 89 Ala. 262; *Lesser v. Schloze,* 93 Ala. 338. So in *Milligan, v. Pollard,* 112 Ala. 465, a plea averring that defendant's intestate was insane at the time he gave the note sued on, was held to be essentially such a plea.

There can be no doubt that the matter alleged in paragraph eight of respondent's cross-bill, added by way of amendment, amounted in legal effect to a plea of non est factum; and if verified by affidavit as provided in § 3967 of the Code of 1907, it prevented the notes from being received in evidence without proof of execution by complainant.

What is a sufficient verification was declared in *Berry, et al. v. Ferguson, et al.,* 58 Ala. 314, where the court stated that the plea must be direct and positive, though the affidavit of its truth may be made on information and belief; that the qualification must not be in the plea but may be in the affidavit. Again, in *McCoy v. Harrell,* 40 Ala. 232, it was held that the recital of the plea, that the defendant "makes oath that this plea is true," the record showing that the plea was sworn to before the clerk, is a sufficient verification, although it was signed by his attorney and not by the defendant. In *Martin v. Dortch,* 1 Stew. 479, 481, it was said that the defendant, by special plea stating the circumstances, may deny the legal effect or the validity of the bond on which he is sued; and that if the facts averred are in legal effect to say, that the instrument declared on was not the act of the defendant, is not the instrument signed by the defendant, it is a plea of non est factum, and that a verification thereof, to the best of affiant's knowledge and belief, would present the issue sought to be raised.

In *Winston v. Moffet,* 9 Port. 518, Mr. Justice Ormond dismisses this question by saying: "In all cases in which a plea is required to be sworn to, it may be done, by the person swearing, to the best of his knowledge and belief." To the same effect was the holding in *The Trustees v. Brown,* 3 Ala. 326.

In *Tindal, Adm'x, v. Bright,* Minor, 105, the Chief Justice said: "The statute requires that the plea shall be accompanied with an affidavit of its truth, but does not prescribe the form

and manner in which the matter shall be set forth, or that the affidavit shall be general or special.  As affected by the statute, it certainly cannot be important whether the party swears generally that his plea is true, or swears to facts, from which its truth must necessarily be inferred.  \* \* \* It is certainly more safe, both as to the conscience of the defendant and the rights of the plaintiff, to state the facts specially."

In *Mobile & Mon. Ry. Co. v. Gilmer*, 85 Ala. 422, the court gave the statute a liberal construction.

It is significant that the early decisions referred to were under a statute providing, "that no plea of non est factum shall be admitted to be pleaded, but when accompanied with an affidavit of its truth" (Toulmin's Digest, Laws of Alabama, § 33, p. 454) ; and that the later statute (Code 1907, § 3967) requires no such affidavit of "its truth," but only that it be "denied by plea verified by affidavit."  This change is found in § 2279 of the Code of 1852, and has been continued in the subsequent codes as first made.  In this we see not only a liberal construction of the statute by the decisions of our court, but a liberal legislative construction of the verification of such pleas that has continued to the present time.

The cases on this point, cited by appellee's counsel, are inapt.

In *Burgess v. Martin*, 111 Ala. 656, where the plaintiff was praying for discovery and for the appointment of a receiver, the court gave approval to the expression, "has been informed and believes and upon such information and belief charges the facts to be, etc."  Is this not authority for the instant case, where the amendment charges specifically and positively what the facts are, and that affiant "makes oath that this is true?"  So, in the case of *Smothers v. Meridian Fert. Factory*, 137 Ala. 166, it was held that where the verification to a bill in chancery is made by counsel for complainant, and the facts therein are alleged upon "his best information and belief," the same is insufficient, in that it does not amount to a charge, that affiant has been informed and believes and upon such information and belief charges the facts to be true.  In *Globe Iron Roofing, etc., Co. v. Thacher*, 87 Ala. 458, the statute there in question required that the claim of an original contractor or materialman must be verified "by the oath of the claimant, or some other person having knowledge of the facts."

[Sulzby v. Palmer.]

In each of the cases of *Dennis v. Coker, Admr.*, 34 Ala. 611, and *Pickle's Admr. v. Ezzell*, 27 Ala. 623, where the question of the sufficiency of proof of a claim against insolvent estates was for decision, the court held that the statute required "all claims against insolvent estates to be verified by the oath of the claimant, or of some other person, 'who knows the correctness of the claim, and *that the same is due;*'" and that the particular affidavit under scrutiny could not be regarded as a fulfilment of this requisition, "since it does not show that the party (making the proof) had any knowledge either as to the correctness of the claim, or that it was then due."

(9) In the instant case, having filed her sworn answer and made it a cross-bill, the respondent, Palmer, did not thereby undertake the burden of disproving the notes or the mortgage on which foreclosure was sought. The title of the complainant, and his right to a foreclosure, was the issue; and the existence of the debt and the execution of the notes and mortgage were facts denied by a sworn plea or answer.

(10) We have two statutes pertaining to the proof of written instruments, which are applicable and pertinent, reference to which is necessary to a correct decision of this case. These statutes are §§ 3967 and 3374 (as amended, Acts 1909, p. 14) of the Code of 1907. The effect of the first, is to provide that the proof of a written instrument the foundation of the suit, is not an issuable fact, unless the execution thereof is denied by an appropriate sworn pleading, a plea, answer, etc. If the execution of such instrument be denied by such pleading, then the burden is on the proponent to introduce proof of the execution of such instrument; this burden, by virtue of § 3374 of the Code, he prima facie discharges by offering the instrument in question, duly recorded as provided by § 3374 of the Code. This is not, however, conclusive proof of the execution, but only prima facie. In the event of a note and mortgage, as in this case, both being the foundation of the suit, the mortgage being recorded but not the note, and the execution of both being denied by a sworn plea, as in this case, the introduction of the mortgage, recorded as provided by the statute, would discharge the burden of proof as to the eexcution of the mortgage, but not as to the note, which was not recorded but was merely referred to in the mortgage. Such was the holding of this court in the case of *O'Bannon v. Myers*, 36 Ala. 551, and in the case following that of *Scott v.*

[Sulzby v. Palmer.]

*Cotten,* 91 Ala. 623. It is said in these cases that the recital of an instrument, in another, is, as a general rule, primary and conclusive evidence of such instrument; yet it is not sufficient in a case like the one in hand, to overcome the sworn pleading denying the execution of the instrument to which reference is so made. What was said in *O'Bannon's Case, supra,* is both apt and conclusive here:

"The admission contained in the mortgage is not sufficient evidence to overcome the positive denial of the answer: it is not equivalent to the testimony of two witnesses, or of one with corroborating circumstances. The complainants have, therefore, failed to establish the existence of the debt, as described in the mortgage and averred in the bill."

(11) When witnesses testifying affirmatively of the falsity vel non of the certificate, are interested, their testimony will be scrutinized carefully, in the light of their interest; and when such testimony is full and direct, it is entitled to the same weight that would be given to the testimony of any other interested witness.—*Barrett v. Proskauer,* 62 Ala. 486; *Freeman v. Blount, et al.,* 175 Ala. 655.

The testimony of the respondent's witnesses is full and direct. The defendant and her two daughters are interested, and their testimony should be regarded in the light of their interest. The testimony of the step-children cannot be said to be affected by the same degree of interest. Under the allegations of the bill, Carlos Veitch was likewise interested in the result of the suit, and his testimony should be tested in the light of that interest. He made application for the loan, furnished the abstract, paid for it himself, delivered the mortgage to the attorney for complainant, received the money on the mortgage, deposited it in the bank in his name. He explained that it was for the benefit of appellee and her family that he acted, yet his testimony also showed that he had received large sums of his sister's (appellee's) moneys from the proceeds of sales of her properties, or those of her husband's estate, in Mississippi, and deposited it in his own name and expended it in due course as he saw fit; that he had no settlement therefor with appellee or her children, though requested to account, by them.

Mr. Veitch said, in the beginning of his testimony: "I explained to her that I was *going* to make this loan in order to build the house. To the best of my recollection I explained to

her I was making this loan of Mr. Sulzby in order to build this house. I told her that I thought she ought to borrow about $1,500.00." His testimony was to the effect that he was "going to make this loan," but he did not positively inform his sister that he had made the loan, or when the loan was completed. He did not take the check therefor in her name, did not inform her that complainant had paid the money to him, nor that he had deposited it to his credit at the bank and was using it as he saw fit. When the notes matured he secured the extension of time, and made payment thereon of his own funds. No knowledge was shown in respondent, by Veitch or complainant, of the maturity of the notes or of any payment made thereon, till several years thereafter, when Veitch had ceased to live with respondent. This conduct shows the interest of Veitch.

Touching the execution of the notes and mortgage, Veitch testified that the signature to the notes and mortgage shown him by counsel, was that of respondent, but that he was not present when these papers were executed. On his cross-examination he said, "I did not see Mrs. Palmer sign Exhibits A, B, and C," the notes and mortgage in question. "I swore on direct examination that I knew her signature and that was her signature to the best of my knowledge." "I did not see her sign it, therefore, I do not know it to be her signature."

Complainant states that on approval of the title by his attorney he drew and delivered his check for the amount payable to Carlos Veitch. No power of attorney or letter of instruction from respondent to complainant, to pay the money to Veitch, is shown.

An inspection of the small credits endorsed on the notes, shows that all the interest was not paid at maturity, and that the principal was long past due. Complainant admits that no demand was made on respondent until four years after the maturity of the mortgage. Complainant was lending money, and Veitch was a wholesale grocer. From 1904 to 1909 they lived in the same city with Mrs. Palmer, yet no request for the payment of the matured loan was made on respondent. This was an unusual indulgence, and one that the evidence does not sufficiently explain, if Mrs. Palmer was looked to for payment.

The respondent swears positively that she did not sign the notes or mortgage, nor authorize anyone to do so for her; that the signature thereto was not hers; that she was not before the

notary, Jno. T. Hood, and did not acknowledge the signature to the mortgage before him; that she never saw the notes and mortgage before their exhibition at the trial.   Her three step-daughters and her own daughter each swore positively that the signature to the notes and the mortgage was not that of Mrs. Mary Palmer, the appellee, and that they each were familiar with her handwriting and signature.

(12) The testimony of the several experts on handwriting did not show the signature to the several exhibits to be that of Mrs. Mary Palmer, the appellee.   They did not know her signature; but they testified that the several exhibits, the notes and mortgage in question, were signed in the same handwriting. This effort to prove signature and execution by comparison of handwriting was duly objected to on the trial.

As early as *Little v. Beazley,* 2 Ala. 703, and *State v. Givens,* 5 Ala. 754; and in the cases of *Bishop v. State,* 30 Ala. 41; *Kirksey v. Kirksey,* 41 Ala. 626; *Williams v. State,* 61 Ala. 33, 39, and *Moon, Admrs., v. Crowder,* 72 Ala. 79, it was held that the comparison of a given handwriting with that of different submitted writings, having no connection with the matter at issue, is not permissible.   This was the rule declared in 2 Starkie on Evi., p. 515, and in 1 Greenl. on Evid., § 580, and also by our court in the recent cases of *Washington v. State,* 143 Ala. 62, and *Griffin v. Working Women's Assn.,* 151 Ala. 597.

In *Griffin v. Work. Women's Assn., supra,* this court, from its former adjudications, declared as the well settled rule, that (1), "A comparison of handwriting may not be instituted between the writing that is in question and extraneous papers, although such extraneous papers may be shown to be genuine.   A writing, although admitted to be genuine, when not otherwise relevant and admissible in evidence, is not admissible for the sole purpose of instituting a comparison of handwriting, whether by the jury trying the case or for the expression of an opinion by one examined as an expert witness."

(2) When the forgery of a paper is in issue, and another paper admitted or proven to be *genuine is properly in the case* and before the court, a comparison may be instituted between the signature of the genuine and the signature of the disputed one.   The comparison may be made by the jury trying the case, for the purpose of determining the question of forgery vel non of the disputed paper; or an expert witness may also make a

[Ex Parte Barrett Brothers Shipping Co.]

comparison in such case of the two signatures, and after such comparison, express his opinion as to the genuineness of the paper in dispute.

(3) That non-expert witnesses may not express an opinion as to genuineness of signature, unless such witnesses know the handwriting of party from having corresponded with him or seen him write.

The register erred in admitting, over the objection of the respondent, Exhibits "A-A," and "B-3." These documents not being properly before the court, a comparison may not be instituted between the signatures thereto and the signatures to Exhibits A, B, and C, for the purpose of identification of the signatures to the latter.

On consideration of the evidence, with a due regard for the burden of proof, and without presumption in favor of the finding of the chancellor, we are of the opinion that the alleged notes and mortgage were correctly cancelled as a cloud on complainant's title to the lands described in the mortgage and in the original bill in this case.

The decree of the chancellor is affirmed.

Affirmed.

ANDERSON, C. J., MAYFIELD and SOMERVILLE, JJ., concur.